**BUREAU OF TAXATION**

v.

**TOWN OF WASHBURN.**

Supreme Judicial Court of Maine.

Argued Jan. 11, 1985.

Decided April 5, 1985.

---

Polly Haight Frawley, Asst. Atty. Gen. (orally), Augusta, for plaintiff.

Stephen A. Canders (orally), Presque Isle, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The Town of Washburn (Town) appeals from a judgment of the Superior Court, Kennebec County, reversing a decision of the Municipal Valuation Appeals Board (Board) reducing the Town's state valuation for 1984 from that set by the Bureau of Taxation (Bureau). We affirm the judgment.

The posture of this case is similar to that of our recent decision in *Town of Thoma-*

*ston v. Bureau of Taxation,* 490 A.2d 1180 (Me.1985). Both cases involve the validity of the "two year rule" by which "[t]he state valuation filed with the Secretary of State prior to February 1st each year [is] based upon the municipal valuation as of April 1st, two years prior." Me. Dept. of Fin. & Admin. Reg. 08–125, Chapt. 201.01 (Feb. 1, 1982). We upheld the validity of the rule in *Town of Thomaston.* at 1182. The instant appeal, however, raises issues not addressed in that case.

Following the statutory procedure described in detail in *Town of Thomaston,* the Bureau computed the 1984 state valuation for the Town to be $30,600,000. The Bureau included in this figure $8,126,467 based on the valuation of two potato processing plants that had closed since April 1, 1982, the date of valuation under the two year rule. The Town appealed to the Board for a reduction of the 1984 state valuation, maintaining that the pre-closing valuation of the plants should not be included in the Town's state valuation because much of the property was no longer there to tax.[1]

After hearing, the Board issued a decision reducing the Town's 1984 valuation by $3,500,000 to $27,100,000. Although the closings had occurred after the April 1 valuation date, the Board based its determination on the fact that the Town had lost its major industries in 1982. The Bureau petitioned the Superior Court for review of the Board's decision.

The Superior Court reversed the Board and remanded the case for the Board's affirmation of the state valuation originally set by the Bureau. The court found that the action of the Board violated its own rules as well as 36 M.R.S.A. § 208 and the rules promulgated thereunder.[2] The Town filed a timely appeal from the Superior Court's decision.

I.

The Town raises several preliminary issues concerning the validity of the Bureau's petition for review to the Superior Court. The Town initially questions whether it was the proper respondent to the petition for Superior Court review, contending the Bureau should have named the Board instead.

 We have stated that an agency that performs a purely adjudicatory function is not a proper party to an appeal from a decision made by the body. *Rice v. Amerling,* 433 A.2d 388, 388 n. 1 (Me.1981); *see Town of Boothbay Harbor v. Russell,* 410 A.2d 554, 560–61 (Me.1980). An agency charged with administering or enforcing a statute, however, is entitled to participate in proceedings reviewing its actions by reason of its interest in defending its policies as reflected in its actions. *See Sewall v. Spinney Creek Oyster Co., Inc.,* 421 A.2d 36, 38 (Me.1980); *State v. Maine Labor*

---

1. The Town testified that much of the equipment used in the plants' operation had been transferred to other locations.

2. The Board's rule governing evidence provided by a municipality appealing the Bureau's valuation states: "The time span shall cover the same period utilized by the Bureau in arriving at the State Valuation for that particular taxable year." Me. Mun. Valuation App. Bd. Reg. 94–378, Chapt. 1.02(B)(3)(a) (Oct. 19, 1979).

 The statute provides:
 The Director of the Bureau of Taxation shall have the duty of equalizing the state and county taxes among the several towns and unorganized territory. He shall equalize and adjust the assessment list of each town, by adding to or deducting from it such amount as will make it equal to its just value as of April 1st. Notice of the proposed valuations of municipalities within each county shall be sent by certified mail to the chairman of the board of assessors, and chairman of the board of selectmen in municipalities having selectmen, of each municipality within that county on or before the first day of September preceding the regular session of the Legislature. The valuation so determined is subject to review by the Municipal Valuation Appeals Board pursuant to sections 291, 292 and 293, but the valuation finally certified to the Secretary of State pursuant to section 381 shall be used for all computations required by law to be based upon the state valuation with respect to municipalities.
 36 M.R.S.A. § 208 (1978).

*Relations Board,* 413 A.2d 510, 512–13 (Me.1980). Title 36 M.R.S.A. § 292 describes the role of the Board as adjudicatory with no mention of any enforcement or administrative functions.[3] *See* 5 M.R.S.A. § 12004(2) (Supp.1984) (establishing Board and describing powers). Even if the Board were the proper respondent to the Bureau's petition, such an error is not, as the Town claims, fatal to the petition. *Cf. Carl L. Cutler Co., Inc. v. State Purchasing Agent,* 472 A.2d 913, 915 n. 1 (Me.1984) (substituting State Purchasing Agent as party to defend purchasing decision, on basis of statutory authority for purchasing).

■ The Town also claims that the omission of "the inhabitants of" from the denomination of the Town in the caption destroys the petition's validity. We have stated that "the designation of a town simply as such, without the words 'inhabitants of'.... (cite deleted) would at most be a nonsubstantive misnomer." *Town of Boothbay Harbor v. Russell,* 410 A.2d at 557 n. 3. The prevailing practice of this court is to disregard the "hoary validity" of the traditional designation by dropping "the inhabitants of."

■ The Town contends that the Bureau has no right of appeal under 36 M.R.S.A. § 292 because the section addresses procedures concerning "appeals by any municipality deeming itself aggrieved" without specific mention of appeals by the Bureau of Taxation. There is no merit in this argument. The section also clearly provides that "[a]ny party aggrieved by the decision of the board may appeal pursuant to the Maine Administrative Procedure Act." The definitions section of the Act includes within the meaning of party: "[t]he specific person whose legal rights, duties or privileges are being determined in the proceeding." 5 M.R.S.A. § 8002(7)(A)

(1978). Section 8002 includes within the definition of person "any ... governmental entity...." 5 M.R.S.A. § 8002(8). The Town's analysis of the legislative history of section 292 does not compel an understanding of "any party" different from its commonplace and statutorily defined meaning.

■ The Town argues in the alternative that even if the Bureau has statutory standing to appeal a Board determination, the Bureau is not "aggrieved" within the meaning of § 292. The Town states that "it is certainly no skin off the ... [Bureau's] nose if a valuation is lowered." We have held the aggrievance of an agency is demonstrated by the impairment of its "interest in the effective discharge of the obligations imposed upon the agency by law." *In Re Pittston Company Oil Refinery & Marine Terminal at Eastport,* 375 A.2d 530, 532 (Me.1977) (quoting *Washington Utilities & Transportation Commission v. Federal Communications Commission,* 513 F.2d 1142, 1149 (9th Cir.) *cert. denied,* 423 U.S. 836, 96 S.Ct. 62, 46 L.Ed.2d 54 (1975)). The "agency must at least show that it has some special interest from which it is charged with responsibility that may be adversely affected by the action attacked." *Id.* (quoting *Camp v. Board of Public Works,* 238 S.C. 461, 469, 120 S.E.2d 681, 685 (1961)) (emphasis deleted).

The Bureau without question meets the standard of administrative aggrievance in the case at bar. The statute charges the Bureau with the responsibility for equalizing state and county taxes by determining the just value of the taxable property in a municipality. 36 M.R.S.A. § 208; *see* 36 M.R.S.A. § 301 (1978) (Bureau responsible for direction, supervision and control of administration of all property tax laws).

---

**3.** The statute provides in relevant part:
 The board shall have the power to administer oaths, take testimony, hold hearings, summons such witnesses and subpoena such records, files and documents as it deems necessary for the proper hearing and disposal of the appeal.

 The board shall have the power to promulgate rules and regulations governing procedure before it.
 36 M.R.S.A. § 292 (Supp.1984).

The statute further requires the equalized just value to be "uniformly assessed in each municipality and unorganized place...." 36 M.R.S.A. § 305 (1978). The Board's determination of the Town's state valuation on the basis of events that occurred after the uniform valuation date impairs the Bureau's interest in assuring parity among the state's municipalities and unorganized territory.

■ The Town further alleges that the Bureau's petition was insufficient for failing to specify in what manner the petitioner was aggrieved by the decision of the Board. The Administrative Procedure Act requires a petition for review of final agency action to "specify the persons seeking review, the manner in which they are aggrieved and the final agency action or agency inaction which they wish reviewed." 5 M.R.S.A. § 11002(2) (1979). The petition simply states that "The Petitioner is aggrieved by said decision." This challenge to the petition also lacks merit. As the representative of the interests of the public fisc, the Bureau's aggrievance by the Board's action may be presumed.

## II.

The Town protests that the Bureau did not sustain its burden of proving to the Board that the Bureau's "determination is reasonable and the municipality's claims are unreasonable." *See* 36 M.R.S.A. § 292. The Town maintains the Bureau failed to establish that the Town's just valuation as of April 1, 1984, was not the lower figure reflecting the removal of equipment from the processing plants. Instead, the Bureau relied on its showing that the lower valua-

tion does not represent just value as of April 1, 1982.

■ We perceive the essence of the Town's appeal to be a challenge to the validity of the two year rule, that is, whether the April 1, 1982, valuation provided a reasonable basis for the Town's 1984 state valuation. The Town argues, as did the Town of Thomaston, that the two year rule conflicts with the statutory requirements directing the Bureau to equalize a town's assessment to its just value as of April 1st, based on "100% of the current market value." *See* 36 M.R.S.A. §§ 208 & 305. With consideration for the statutory goal of uniformity and equality in the state valuation process, we held in *Town of Thomaston* that the two year rule constitutes a "reasonable response to the administrative difficulties presented by the statute." 490 A.2d at 1182. We hold the same concerns govern here. The two year rule is an entirely proper implementation of the requirements of section 208. It was not within the Board's competence to lower the Town's valuation based on events occurring after the 1982 date of valuation.

■ Finally, the Town alleges that the Superior Court erred in reversing the Board decision because none of the criteria provided in 5 M.R.S.A. § 11007(4)(C) for judicial reversal or modification of agency decisions was present.[4] The Superior Court found that the Board's decision "violate[d] the provisions of 36 M.R.S.A. § 208 as well as its own rules and the rules of the Department of Finance and Administration," bringing the reversal within section 11007(4)(C)(1). For the reasons discussed above, we find an additional ground for reversal in the Board's action in excess of

---

**4.** The section provides in relevant part:
The court may:

. . . . .

Reverse or modify the decision if the administrative findings, inferences, conclusions or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;
(4) Affected by bias or error of law;
(5) Unsupported by substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion.
5 M.R.S.A. § 11007(4)(C) (1979).

its statutory authority. *See* 5 M.R.S.A. § 11007(4)(C)(2). We therefore affirm the Superior Court's reversal of the decision of the Board.

The entry is:

Judgment affirmed.

All concurring.