BOARD OF OVERSEERS OF THE BAR

v.

**Andrews B. CAMPBELL.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 7, 1988.
Decided March 29, 1988.

J. Scott Davis, Karen G. Kingsley, Board of Overseers of the Bar, Augusta, for plaintiff.

Andrews B. Campbell, Chestnut Hill, Mass., pro se.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, SCOLNIK and CLIFFORD, JJ.

PER CURIAM.

Andrews B. Campbell appeals from the judgment of a single justice of the Supreme Judicial Court that affirmed the action of the Board of Overseers of the Bar imposing on Campbell a reprimand for his conduct in violation of the Maine Bar Rules. Campbell challenges the jurisdiction of the board and of the Supreme Judicial Court. Campbell also argues that the circumstances of his conduct preclude the imposition of any bar discipline. We affirm the judgment.

## I. JURISDICTION

The Supreme Judicial Court has the inherent power to regulate the conduct of attorneys as officers of the court. *Board of Overseers of the Bar v. Lee*, 422 A.2d 998 (Me.1980). Although the power of removal or suspension from office as an attorney is a judicial power to be exercised by the Court alone, *id.* at 1005, the Court may and has delegated to the Grievance Commission of the Board of Overseers the authority to issue a reprimand subject to review by a single justice of the Supreme Judicial Court on the record of the proceeding before the commission. M.Bar R. 2(d), 7(e)(2)(A) and 7(e)(6)(C). We find no merit in Campbell's argument that the nature of the judicial proceeding out of which the charges of misconduct arose preclude the imposition of discipline by the commission or by the Court.

## II. REPRIMAND

We deem it neither necessary nor desirable to describe the events that led to a mistrial in a criminal case Campbell was defending and to contempt adjudications against both Campbell and his client. Those events are amply chronicled in our opinions in *State v. Friel*, 500 A.2d 631 (Me.1985) affirming the ultimate dismissal of the criminal charges against Campbell's client on the ground of former jeopardy and *State v. Campbell*, 497 A.2d 467 (Me. 1985) and *State v. Friel*, 497 A.2d 475 (Me.1985) affirming the respective contempt adjudications. Before the commission, Campbell argued that his punishment for contempt imposed by the trial court rendered further sanction inappropriate. He also contended that the line between zealous advocacy and contumacious conduct is uncertain, particularly in view of "the enormous stress of trying to fulfill the role of advocate for a difficult and demanding client in the face of adverse and erroneous rulings." We hold that the commission properly rejected Campbell's arguments.

A bar discipline proceeding serves a purpose different from a summary contempt proceeding. The latter is penal in nature and prevents an attorney from obstructing judicial proceedings by engaging in contumacious conduct. The former is regulatory in nature and protects "the public and the courts from attorneys who ... are unable ... to discharge properly their professional duties." Me.Bar R. 2(a). That one of these purposes has been accomplished does not, ipso facto, render it inappropriate to take further action against the attorney in order to achieve the other purpose.

In affirming Campbell's contempt adjudication we acknowledged the importance of zealous representation by counsel. *Campbell*, 497 A.2d at 472. We do not today impose upon criminal defense counsel a duty of sterile conformity to precedent. Rather, we reaffirm that "[a]ttorneys must be given latitude in the area of vigorous advocacy." *Id.* at 472 (quoting *In re Dellinger*, 461 F.2d 389, 398 (7th cir. 1972)). At the same time, we conclude that no duty of defense counsel can justify an "actual and willful obstruction of the administration of justice." *Id.* at 473. In short, we reject both aspects of Campbell's arguments 1) that the line of demarcation between zealous advocacy and contuma-

cious conduct is uncertain and 2) that the demands of his client and the allegedly erroneous rulings of the trial court mitigate the seriousness of his misconduct. A competent attorney acting rationally would recognize that the rights of a criminal defendant can be preserved without the disruptive and discourteous conduct here involved. The commission's reprimand was amply warranted.

The entry is:

Judgment affirmed.

All concurring.