**In re Application of Polly A. HUGHES for Admission to the Bar of the State of Maine.**

Supreme Judicial Court of Maine.

Argued June 18, 1991.

Decided Aug. 2, 1991.

Karen G. Kingsley, (orally), Assistant Bar Counsel, Augusta, for Board of Overseers of the Bar.

George Z. Singal, (orally), Daniel A. Pileggi, Gross, Minsky, Mogul & Singal, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, COLLINS, and BRODY, JJ.

PER CURIAM.

The Board of Bar Examiners (the Board) appeals the order of a single justice of the Supreme Judicial Court (*Wathen, J.*) admitting petitioner Polly A. Hughes to the bar despite the Board's refusal to give her the certificate of good moral character required for admission by 4 M.R.S.A. § 805–A(1) (1989) and M.Bar.Adm.R. 8, 9(a). Contrary to petitioner's contentions, we hold that we have jurisdiction to review the single justice's decision and that the Board possesses standing to oppose her admission and to appeal the justice's order. On the merits of this appeal, we vacate the single justice's order.

The petitioner is a former member of the Georgia bar who in the period 1975–1980 embezzled large sums from clients and engaged in other fraudulent conduct in the practice of law. We hold that an applicant for admission in petitioner's circumstances carries a substantially higher burden than a person applying for original admission to the bar; she is required by M.Bar R. 7(*o*)(5) to prove that her reinstatement in the legal profession after disbarment in another state will not be detrimental to the public interest and she must prove that fact by clear and convincing evidence, i.e., to a high probability. Since the single justice did not require the heightened standard of proof and also did not make the full findings specifically required by Rule 7(*o*)(5), we remand for reconsideration of petitioner's application.

The single justice stated the pertinent facts as follows:

Petitioner graduated from the University of Tennessee with a law degree in 1968 and was admitted in that same year to the Georgia Bar. After working for others, she started her own firm in 1971 and devoted her practice largely to real estate matters. The firm grew rapidly to include seven lawyers. Beginning sometime after 1975, petitioner began to divert funds in a real estate escrow account to cover firm and personal expenses. Finally, in 1980, she consulted an attorney and disclosed her criminal activity to the U.S. District Attorney. Ultimately, she pleaded guilty to two counts of making false statements on real estate closing forms involving Department of Housing and Urban Development loans. She was convicted, sentenced to a suspended term of four years, with five years of probation and a public service requirement. As part of the proceedings, she also resigned from the Georgia Bar, and her resignation was accepted. The sentence that she received was influenced by the fact that she was a divorced mother with three children, she had come forward and reported her criminality even though she was not the subject of any investigation, and the court found that her self-destructive behavior resulted from a dysfunctional childhood. After two and one-half years, the sentencing court terminated the probation and discharged petitioner from her sentence. She subsequently moved to Maine, and since 1986 has worked as a paralegal in the Legal Division of the Maine Department of Transportation.

Petitioner passed the bar examination in Maine in 1989. In her application, she fully and truthfully disclosed her history. Because that application gave rise to "doubt ... concerning [petitioner's] good moral character," the Board held a hearing pursuant to M.Bar Adm.R. 9(d). On the basis of the evidence presented at the hearing, the Board found that she did not have the requisite good moral character and denied her the certificate. Thereafter, in December 1990, petitioner pursuant to M.Bar R. 1(b) made a direct motion for admission to

the bar before a single justice of the Supreme Judicial Court. After an evidentiary hearing, at which the Board appeared in opposition to petitioner's motion, the single justice ordered petitioner admitted to the bar, finding on a preponderance standard that petitioner was morally fit to practice law. The Board then sought review by the full court. We undertake that review sitting as the Law Court.

## I.

### *Jurisdiction and Standing*

 The Law Court has undoubted jurisdiction to review the single justice's decision to admit an application to the bar. The Supreme Judicial Court has inherent authority to admit attorneys to the bar that cannot be limited by legislation. *See In re Feingold,* 296 A.2d 492, 496 (Me.1972). In promulgating rules to implement this power, the court has honored legislation requiring the creation of a Board of Bar Examiners and generally following the legislative scheme for bar admission. The court has also provided that applications for admission be heard and decided by a single justice. *See* M.Bar R. 1(b); *In re Feingold,* 296 A.2d at 496; 4 M.R.S.A. §§ 801 to 805–A (1989). Rule 1(c) of the Maine Bar Rules allows review of the action of a single justice in exercising a power of the Supreme Judicial Court:

> Except where powers are expressly given to the full Court, or the context indicates clearly that the full Court alone is to have the power, the powers of the Court with respect to these rules may be exercised by a single justice of the Court, *subject to appropriate review by the Law Court.*

(Emphasis added) It is entirely appropriate for the Law Court to review a single justice's order for bar admission, pursuant to the authority reserved by the Supreme Judicial Court in Rule 1(c). Moreover, review of the single justice's decision for errors of law falls within the legislature's grant of jurisdiction to the Law Court, 4 M.R.S.A. § 57 (1989): "The following cases only

come before the court as a court of law: Cases on appeal from the Superior Court or a single Justice of the Supreme Judicial Court [and] cases presenting a question of law...." *See also In re Feingold,* 296 A.2d at 496 (in absence of judicial rule, denial of admission by single justice reviewable by full court as a question of law or decision of single justice under 4 M.R.S.A. § 57).

 We conclude also that the Board has standing to appeal the single justice's order of admission. "Undoubtedly, in any case in which the Board of Bar Examiners refuses to issue the certificate of qualification under 4 M.R.S.A. § 802 then the Board itself should be made a party defendant and would defend its action through the Attorney General or privately retained counsel."[1] *In re Feingold,* 296 A.2d at 498. It follows that the Board can challenge a single justice's contrary finding of good moral character. The Board is the body responsible for assisting the court and the State of Maine in determining the qualification of any applicant for admission to the bar. It is entitled, either as appellee or appellant, to participate in any proceeding challenging its actions "by reason of its interest in defending its policies as reflected in [those] actions." *Bureau of Taxation v. Town of Washburn,* 490 A.2d 1182, 1184 (Me.1985).

## II.

### *Standard of Proof on a Petition for Reinstatement to the Bar*

 In addition to producing evidence of competency, candidates seeking their first admission to the bar need "produce to the Board [of Bar Examiners] satisfactory evidence of good moral character." M.Bar Adm.R. 9(a). In contrast, because a disbarred lawyer seeking reinstatement has once proved unworthy of membership in the legal profession, Maine Bar Rule 7(o) imposes a much greater burden on that candidate for reinstatement than upon a person seeking admission as an original matter. To be restored to membership in the bar after having been disqualified,

1. Since we made the quoted statement in *In re Feingold,* the office of Bar Counsel has been created by M.Bar R. 5, and in the current proceeding Bar Counsel represents the Board of Bar Examiners.

the petitioner ... shall have the burden of demonstrating the moral qualifications, competency and learning in law required for admission to practice law in this State, *and that reinstatement will not be detrimental to the integrity and standing of the Bar, the administration of justice, or to the public interest.* M.Bar R. 7(*o*)(5) (emphasis added).[2] The Bar Rules treat an attorney who has been disbarred in another state as if the attorney had been disbarred also in Maine. *See* M.Bar R. 7(m). By virtue of her disbarment in Georgia,[3] we therefore evaluate petitioner's application for admission to the Maine bar according to the provisions of M.Bar R. 7(*o*) for reinstatement.

The standard to which an applicant for reinstatement must prove the additional elements required by Rule 7(*o*) is a high one. "[A]lthough the preponderance standard normally prevails in a civil case, appellate courts in a large number of categories of litigation have found compelling reasons for requiring a higher standard of proof." *Taylor v. Commissioner of Mental Health,* 481 A.2d 139, 150 (Me.1984) (clear and convincing proof of no danger to the public is required for release of a person committed to mental hospital following his acquittal by reason of insanity). One such category is represented by cases in which courts are called upon, as we are here, to protect the public by predicting that an individual will not repeat past behavior that has caused that person to be placed under a disability or restraint. *Id.* The heightened standard required for release from that disability or restraint is especially warranted when the individual's predicate behavior has been found to exist by a clear and convincing standard or by the more stringent criminal standard of "beyond a reasonable doubt." In such cases, clear and

convincing evidence helps to insure the accuracy of the court's prediction. *Id.* Here petitioner admitted to and was convicted of fraudulent conduct in the practice of law. Because we are required specifically to determine that her reinstatement will not be detrimental to the public interest, we must be assured that she will not engage in that conduct if she is permitted again to hold herself out as an attorney. Petitioner, therefore, must present clear and convincing evidence to that effect. *Cf. In re Hiss,* 368 Mass. 447, 454–55, 333 N.E.2d 429, 435 (1975) ("[b]efore he again will be entered on the rolls as an attorney eligible to practice, the disbarred attorney who has committed the grave offenses to which the Bar Counsel directs attention must bear a heavy burden of proof and pass the close scrutiny to which reviewing courts subject petitions for reinstatement"). The public interest especially demands such close scrutiny when the nature of a petitioner's prior conduct related directly to " 'the public confidence necessary to the proper performance of the duties of an attorney....' " *In re Hiss,* 368 Mass. at 461 n. 20, 333 N.E.2d at 438 n. 20 (quoting *Matter of Keenan,* 314 Mass. 544, 548, 50 N.E.2d 785, 788 (1943)). By the clear and convincing standard, petitioner is required to prove to a high probability, rather than by a mere preponderance, that her reinstatement in the legal profession despite her past misconduct will not be detrimental to the public interest in the future. *See Taylor v. Commissioner of Mental Health,* 481 A.2d at 152.

### III.

### *Remand for Reconsideration by the Single Justice*

■ The single justice applied only the usual civil preponderance standard in rul-

---

**2.** The Board of Bar Examiners urges that in addition to proving the elements set forth in Rule 7(*o*), a candidate for admission to the Maine bar who has been disbarred in another state must first be reinstated to that other state's bar. Even if petitioner had satisfied Georgia's requirements for readmission, she would still be required to establish that she was qualified for admission to the Maine bar. Because she has failed to meet Maine's requirement for rein-

statement, we need not address the further legal question posed by the Board.

**3.** Petitioner in the course of disciplinary proceedings against her resigned from the State Bar of Georgia and her resignation was accepted by the Georgia bar disciplinary board. For the purposes of her present motion to reenter the legal profession, Georgia's acceptance of petitioner's resignation is the equivalent of disbarment. *See* M.Bar R. 7(*o*)(1), 7(*l*)(1).

ing on petitioner's application. Furthermore, he did not make the findings required by M.Bar R. 7(*o*)(5) for petitioner's reinstatement to the legal profession. We therefore remand to the single justice to reconsider petitioner's application.

On that reconsideration the single justice will determine whether petitioner has proved to a high probability that her admission to our bar "will not be detrimental to the integrity and standing of the [b]ar, [to] the administration of justice, or to the public interest." M.Bar R. 7(*o*)(5). Reinstatement in the bar requires more than the justice's earlier finding that petitioner "has overcome the difficulties in her life and is fully rehabilitated in terms of moral fitness"; improvement in petitioner's general moral character does not satisfy the specific requirements of Rule 7(*o*). The predictive findings required by the rule must be made in light of what has transpired in the past. In a course of conduct persisted in for more than five years, coming after she had already practiced law for seven years and at a time when she was in her mid-thirties, petitioner took more than $400,000 from people who had put their trust in her as their attorney, and to hide her defalcations she swore falsely to legal documents required in her real estate practice. Her admitted conduct constituted not merely moral turpitude, but moral turpitude directly and specifically related to her practice of law. We note that petitioner has had no experience in any capacity since 1980 that has tested her rehabilitation for handling the money of others.

The entry is:

Order granting admission to the bar vacated. Remanded to the single justice for further proceedings consistent with the opinion herein.

All concurring.