**In re Application of Clarence H. SPURLING for Admission to the Bar of the State of Maine.**

Supreme Judicial Court of Maine.

Argued June 18, 1991.
Decided Aug. 22, 1991.

Paul D. Mathews (orally), Gardiner, for plaintiff.

J. Scott Davis (orally), Board of Overseers of the Bar, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN and COLLINS, JJ.

PER CURIAM.

Clarence H. Spurling appeals the order of a single justice of the Supreme Judicial Court (*Brody, J.*) denying his petition for admission to the bar on the ground that Spurling failed to meet his burden of satisfying the court that he possessed the good moral character required for admission. We find no merit in Spurling's contention that the court erred in allowing the Board of Bar Examiners (the Board) and J. Scott Davis, Esq., as its counsel, to participate in the hearing on his petition. Nor is there merit in his contention that the burden of proof shifted to the Board after Spurling's prima facie showing of good moral character. We agree, however, with his contention that the court made findings based on the consideration of evidence not properly before it, and accordingly, we vacate the order denying admission and remand for further proceedings before a single justice.

## I

Spurling was employed as a probation-parole officer by the Department of Corrections, Division of Probation and Parole, from June 1978 to October 1984, at which time he was discharged for misconduct involving sexual harassment of female employees at his workplace. In his order the justice noted that

> [p]rior to [Spurling's] termination, he had an exemplary work record. He had received no written warnings, reprimands, or suspensions, and his performance ratings were generally high. Nor is there

any suggestion of misconduct since his discharge. To the contrary, Spurling has compiled an outstanding law school record and has received letters of recommendation in connection with his law related employment in California.

Spurling graduated second in his class of thirty-five from Southwestern University School of Law in Los Angeles, California, in June 1987. He was admitted to the bar of California in 1988 and was a member in good standing of that bar when he passed the bar examination in Maine in February 1990. As a result of Spurling's disclosure in his application that in 1984 he had been discharged from his employment as a probation-parole officer with the Division of Probation and Parole, the Board held a hearing pursuant to M.Bar Adm.R. 9(d). On the basis of the evidence presented at the hearing, the Board found that he had not carried his burden of proof on the moral character issue and denied him the certificate. In November 1990, Spurling filed a petition for admission to the bar before a single justice of the Supreme Judicial Court. After an evidentiary hearing, the court denied the petition, finding that Spurling had "failed to meet his burden of satisfying the court that he possesses the good moral character required for admission to the Maine bar." Spurling then sought review by the full court sitting as the Law Court.

## II

██ Spurling initially contends that the single justice erred in allowing the Board and J. Scott Davis, Esq., as its counsel, to appear in opposition to his petition. He argues that M.Bar Adm.R. 9(d)(3)(F) limits the function of the Board and its counsel to the preparation and conduct of a hearing before the Board and that the Attorney General is the only counsel authorized to assist the court in a M.Bar R. 1(b) hearing. We hold that the court properly determined that the Board and J. Scott Davis, Esq., its counsel, were entitled to participate in the present proceeding. In *In re Feingold*, 296 A.2d 492, 498 (Me.1972), we stated "[u]ndoubtedly, in any case in which the Board of Bar Examiners refuses to issue the certificate of qualification under 4 M.R.S.A. § 802 then the Board itself should be made a party defendant and would defend its action through the Attorney General or privately retained counsel." [1] *See also In re Hughes*, 594 A.2d 1098, 1100 (Me.1991) (Board is body responsible for assisting the court and State of Maine in determining qualifications of applicant for admission to bar and entitled to participate in any proceeding challenging its action).

██ Spurling also contends that he established a prima facie case of good moral character,[2] as required by 4 M.R.S.A. § 805–A (1989) and M.Bar Adm.R. 9 and that the burden of proof should then have shifted to the Board to rebut that showing with clear and convincing evidence of bad character. We disagree. An application for admission to the bar pursuant to M.Bar R. 1(b) initiates a civil proceeding. There being no compelling reason for requiring a higher standard of proof, as in *In re Hughes*, 594 A.2d at 1101, the preponderance standard that normally prevails in a civil case is applicable to the instant case. *Id.* Under familiar law the burden of establishing good moral character is upon the applicant seeking admission to practice as an attorney. *See Chequinn Corp. v. Mullen*, 159 Me. 375, 381, 193 A.2d 432, 435 (1963). This burden remains that of the applicant throughout the proceeding, and the court ultimately must determine whether the applicant has met that burden on the record before it.

██ Spurling contends that certain findings of the court on which it relied in denying Spurling's petition are not supported by the evidence but are based on documents outside the record. In consider-

---

1. Since our decision in *Feingold*, the Board of Overseers of the Bar has been established with J. Scott Davis, Esq., as its Bar Counsel. In the current proceeding the Board made arrangements to be represented by Bar Counsel.

2. The court noted in its order that Spurling's competence to practice law in Maine was not at issue before it nor is this requirement for admission to the bar an issue on this appeal.

ing Spurling's contention, we take this opportunity to review the applicable procedure governing a M.Bar R. 1(b) petition for admission to the bar. Because a petition for admission to the bar can only be initiated in the Supreme Judicial Court, "[i]t is essential in [those] proceedings ... when the same is contested, that the recognized rules of evidence be observed." *In re Feingold*, 296 A.2d at 498. Unlike the direct judicial review pursuant to M.R.Civ.P. 80B and 80C or that provided by M.Bar R. 7(e)(6)(C), the record developed in another forum is not germane to the proceeding before the single justice. *See Board of Overseers of the Bar v. Dineen*, 481 A.2d 499, 502–03 (Me.1984). Accordingly, the admissibility of any portion of the record developed before the Board must be governed by the Rules of Evidence. On an appeal from an order of a single justice entered on a petition for admission to the bar, we review the findings for clear error. The single justice's finding of fact must stand unless there is no competent evidence in the record to support it, the justice has clearly misapprehended the meaning of the evidence, or the force and effect of the totality of the evidence rationally persuades us to a certainty that the finding is so against the preponderance of the believable evidence that it does not represent the truth and right of the case. *Harmon v. Emerson*, 425 A.2d 978, 982 (Me.1981).

[redacted] The sole issue in controversy and that addressed by the court in this case was clearly set forth by the allegation in Spurling's petition for admission that "[a]pplicant was denied admission because the Board of Bar Examiners was unable to find that Applicant was of good moral character under Rule 9 of the Maine Bar Admission Rules." At the beginning of the hearing on Spurling's petition the Board offered and, over the objection of Spurling, the court admitted into evidence as a part of the record of the proceeding before it, the Board's written decision dated August 31, 1990 and its amended written decision dated September 26, 1990 incorporating detailed findings of fact and statement of reasons supporting its decision. In its amended decision the Board found, *inter alia*, "[t]hat [Spurling's] conduct included ... leaning against the wall in the narrow hallway in the office in such a way that the women were forced to brush up against his lower body in order to pass by.... Both Marceau and Marshall testified that the applicant would stand behind Marshall's desk chair, lean over her and place his hands on her desk in such a way as to force his crotch into her back."

Prior to its opening statement the Board advised that the transcript of the hearing before the Board was available to the court. The court directed that the transcript be placed in the custody of the clerk and properly determined:

> I'm not going to read the original transcript.... [it] should be made available for two purposes—number 1, in the event that the testimony of a witness is going to be introduced by agreement, just as a deposition would be introduced, and number 2, for purposes of cross-examination.

*See State v. Franco*, 365 A.2d 807, 812 n. 5 (Me.1976); M.R.Evid. 801, 804(b)(1). Although neither party offered the transcribed testimony of Spurling before the Board and although Spurling testified in his own behalf and was extensively cross-examined by the Board, at the conclusion of the hearing the court required, over Spurling's objection, that the transcript of Spurling's testimony before the Board be available to the court for its review.

In its order the court, *inter alia*, found the following specific facts relating to any physical contact between Spurling and his female co-workers: that Spurling placed himself in a narrow hallway in such a way as to force women who had to pass by him to brush up against his lower torso and stood behind a female secretary's desk and bent over her with his hands on her desk so as to force his groin against her back. We find nothing in the evidence adduced in the present proceeding to support either of these findings and can only conclude, as argued by Spurling, that the court relied on documents not properly before it in reaching these factual determinations. It is

clear from the order of the court that it relied on these findings and its finding that Spurling denied any such physical contact as a basis for its determination that Spurling was untruthful in his testimony before the court and accordingly had "failed to meet his burden of satisfying the court that he possesses the good moral character required for admission to the Maine bar." Based on this record, we conclude that the single justice did not base his determination solely on the competent evidence before him. Accordingly, we vacate the order. *See Board of Overseers v. Dineen,* 481 A.2d at 503.

The entry is:

Order denying admission to the bar vacated. Remanded for further proceedings before a single justice consistent with the opinion herein.

All concurring.