**Application of Polly A. HUGHES.**

Supreme Judicial Court of Maine.

Argued April 27, 1992.

Decided June 10, 1992.

---

Karen G. Kingsley (orally), Board of Overseers of the Bar, Augusta, for appellant.

George Z. Singal (orally), Daniel A. Pileggi, Gross, Minsky, Mogul & Singal, P.A., Bangor, for appellee.

Before ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Once again we review the decision of a single justice of the Supreme Judicial Court (*Wathen, C.J.*) to grant Polly A. Hughes's petition for admission to the bar. The Board of Bar Examiners contends that certain findings of fact are unsupported by the record and that the single justice failed to apply the clear and convincing evidence standard required by our opinion on the Board's first appeal, *Application of Hughes*, 594 A.2d 1098, 1101 (Me.1991) (*Hughes I*). We disagree, and accordingly affirm the decision of the single justice.

Although additional evidence was presented, the record remains substantially as outlined in our opinion in *Hughes I*. The gravamen of the Board's argument is that Hughes failed to prove by clear and convincing evidence that she possesses good moral character and that her admission to the bar will not be a detriment to the public interest, as required by our decision in *Hughes I*. The Board challenges the finding that Hughes's criminal acts were in part due to personality defects arising out of a dysfunctional childhood. As evidence of her lack of moral character, the Board points to Hughes's failure to make restitution to victims of her criminal conduct, as well as her failure to demonstrate an ability to handle other people's money.

We conclude that the single justice could find to a high degree of probability, based on the uncontradicted testimony of Hughes's therapist, that her criminal behavior resulted from circumstances unlikely to reoccur. The evidence of Hughes's financial history provides adequate support for the conclusion that her failure to make restitution does not preclude a finding of good moral character. Moreover, we discern no error in the finding that Hughes supervises the expenditure of large amounts of public funds, and conclude that our comment in *Hughes I* about "handling the money of others" was not misinterpreted by the single justice.

Finally, the single justice, with explicit reference to the heightened standard of

 

proof required by *Hughes I*, stated that "the court remains persuaded that petitioner is fully rehabilitated in terms of moral fitness to practice law." We have no reason to doubt that the single justice correctly applied the mandate of our rescript in *Hughes I*.

The entry is:

Judgment affirmed.

All concurring.