# BOARD OF OVERSEERS OF THE BAR

v.

## Andrews B. CAMPBELL.

Supreme Judicial Court of Maine.

Argued May 15, 1995.

Decided July 27, 1995.

---

J. Scott Davis (orally), Board of Overseers of the Bar, Augusta, for plaintiff.

Andrews B. Campbell (orally), Mexico, pro se.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

PER CURIAM.

Andrews B. Campbell appeals from the judgment of a single justice of the Supreme Judicial Court (*Dana, J.*) denying his petition for reinstatement as a member of the Maine bar. Campbell contends, *inter alia*, that the Court erroneously applied a clear-and-convincing-evidence standard to proof relating to his personality and temperament, and that the Court misapprehended the nature and weight of the evidence of his behavior during the reinstatement proceedings. We affirm the judgment.

Campbell has twice been the subject of disciplinary proceedings initiated by the Board of Overseers of the Bar. Campbell's conduct during the 1984 trial of Dennis Friel resulted in his conviction of criminal contempt, affirmed in *State v. Campbell,* 497 A.2d 467 (Me.1985), and a reprimand by the Board of Overseers of the Bar, affirmed in *Board of Overseers of the Bar v. Campbell,* 539 A.2d 208 (Me.1988). Campbell was subsequently convicted on federal drug charges, affirmed in *United States v. Campbell,* 874

F.2d 838 (1st Cir.1989), and consequently disbarred with the right to petition for reinstatement after four years, *Board of Overseers of the Bar v. Campbell,* BAR–87–15 (July 26, 1989) (*Glassman, J.*).

Following the 1993 filing of Campbell's petition for reinstatement, a three-member panel of the Grievance Commission held three days of hearings. Two panel members concluded that Campbell had established by a preponderance (but not by clear and convincing evidence) that reinstatement would not be detrimental to the integrity and standing of the Bar, the administration of justice, or to the public interest. A third panel member found that Campbell had not established the absence of professional misconduct, or the requisite honesty and integrity to practice law. After the Board of Overseers of the Bar heard argument from counsel, a majority of the Board recommended that Campbell not be reinstated.

In 1994, the Court held a *de novo* hearing on Campbell's petition, during which Campbell was represented by counsel. By stipulation of the parties, the record included the transcripts, exhibits, findings, and recommendations of both the commission panel and the Board. Campbell presented testimony of a licensed counselor in addition to his own. Following the Court's denial of his petition, Campbell appealed *pro se.*

### I.

#### Burden of Proof

Campbell challenges the Court's interpretation of the 1992 amendments to M.Bar R. 7.3(j)(5) that now provides as follows:

[T]he petitioner ... shall have the burden of presenting clear and convincing evidence demonstrating the moral qualifications, competency and learning in law required for admission to practice law in this State. The petitioner shall also offer evidence sufficient to satisfy the Commission that it is likely that reinstatement will not be detrimental to the integrity and standing of the Bar, the administration of justice, or to the public interest.

Campbell argues that the "clear and convincing evidence" standard applies only to "moral qualifications, competency and learning in law" factors. He maintains that he need show only by a preponderance that his reinstatement "will not be detrimental to the integrity and standing of the Bar, the administration of justice, or to the public interest." The Board's note to the 1992 amendment, Me.Rptr., 589–601 A.2d LXXXVI–LXXXVII, as well as our opinion in *Application of Hughes,* 608 A.2d 1220 (Me.1992), compel us to reject Campbell's argument. Although technically Hughes was applying for admission, not reinstatement, she had previously been a member of the bar of another state. We conclude the rationale of *Hughes* is equally applicable to Campbell's case.

██ In any future proceedings, it should be clear that the petitioner must present clear and convincing evidence concerning each of the factors described in Rule 7.3(j)(5). In this proceeding, however, the burden of proof was not dispositive because the single justice found affirmatively that Campbell's behavior "interfered with the administration of justice."

## II.

### Petitioner's Conduct

The single justice's decision to deny the petition for reinstatement was based in part on Campbell's "inability to use good judgment." The justice relied on our statement that:

> The efficient and orderly administration of justice cannot be successfully carried on if we allow attorneys to engage in unwarranted attacks on the court, opposing counsel or the jury. Such tactics seriously lower the public respect for both the Court and the Bar. It is the duty of an attorney to present his case in an orderly fashion and not to engage in conduct repugnant to the just determination of the issues in controversy. Turbulent, intemperate or irresponsible behavior is a proper basis for the denial of admission to the bar.

*In re Feingold,* 296 A.2d 492, 500 (Me.1972). Not only did Campbell fail to demonstrate the high probability that he could meet the *Feingold* standard, the record is replete with examples of conduct contrary to that standard.

We do not ignore Campbell's argument that in some specific instances he was provoked by the misconduct of others. For example, the Court focused on Campbell's reaction to an attorney's misconduct directed at Campbell. Despite the existence of that provocation, we conclude that the single justice could properly determine that Campbell's behavior was unreasonably "turbulent, intemperate, and irresponsible." Moreover, the record supports the court's conclusion that his attitude and conduct fit a pattern of conduct over at least a decade.

In order to demonstrate that he had altered that pattern of conduct, Campbell presented the testimony of a licensed counselor and therapist. The purpose of this evidence was to show that Campbell now has greater insight concerning his past behavior and has gained an ability to control his anger and aggressiveness. The therapist described a period during which Campbell experienced stress in relation to his former wife and his visitation with his daughter. The witness described an escalating aggressiveness on Campbell's part that required intervention, so he "put the fires out," and "change[d] the direction [that Campbell] was going in." The result was a greatly improved relationship and greater freedom to visit with his daughter. This demonstrates, according to the therapist, that Campbell has learned to control his aggressiveness and that only the invasion of his privacy by his former employer caused Campbell's turbulent behavior during these proceedings. Although Campbell may have improved his familial relations, the Court had an ample basis in the record to question the accuracy of the therapist's assessment with respect to other relationships.

Campbell's response to adversity is documented by our opinions in *State v. Campbell,* 497 A.2d 467, and *Board of Overseers of the Bar v. Campbell,* 539 A.2d 208. In addition, Campbell has in the past attacked the integrity of his attorney in the federal criminal prosecution and attacked the integrity of the justices of the Superior Court. During the course of his reinstatement proceedings,

Campbell made personal attacks on his former employer, as well as Bar Counsel, Bar Counsel's office, and the Maine Attorney General.

 Moreover, subsequent events support the conclusion of the single justice. Campbell's response to the denial of his petition included unwarranted attacks on Bar Counsel and others. In short, Campbell has engaged in the very conduct that we condemned in *Feingold*. We conclude, therefore, that neither we nor the single justice are compelled to grant Campbell's petition for reinstatement as a member of the bar. We do not suggest that Campbell can never be reinstated, but he will need clear and convincing evidence that he has altered his pattern of responding with unwarranted attacks on anyone who opposes his goals.

The entry is:

Judgment affirmed.

All concurring.