Charles G. WILLIAMS III, Plaintiff

v.

MAINE SUPREME JUDICIAL COURT INDIVIDUAL JUSTICES; G. Steven Rowe, in his official capacity as Maine Attorney General; Board of Bar Overseers, as an administrative agency and body in its official capacity; Department of Attorney General, as an administrative agency in its official capacity, Defendant

No. CIV.04–95–P–C.

United States District Court, D. Maine.

Dec. 3, 2004.

Charles G Williams, III, Albany, GA, Pro Se.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION (PRO SE) TO EXTEND TIME FOR SERVICE OF PROCESS AGAINST THE DEFENDANTS

GENE CARTER, Senior District Judge.

Before the Court is Plaintiff's *Pro Se* Motion to Extend Time for Service of Process Against the Defendants herein (Docket Item No. 36). This case arises out of Plaintiff's ongoing challenge to actions allegedly taken by Defendants in the course of state court bar disciplinary proceedings against him. The case has a tangled web of interactions in both the state and federal courts.[1] Some statement of the present context is in order.

---

1. The Court is satisfied that all of this results from the Plaintiff's penchant for sowing complexity and confusion on the docket of this Court. A summary review of the docket sheet in the prior action, Civ. No. 02–204–P–C (*"Williams I"*) shows this penchant developed to a near art form. That case pended from October 7, 2002 to October 5, 2004. The Docket Sheet reflects a total of 83 entries in that matter, of which 52 represent filings by the Plaintiff. The Plaintiff filed three Notices of Appeal in that case and the Court of Appeals entered six Mandates and Judgments thereon.

This present action provides no basis to hope for an abatement in Plaintiff's tactics of procedural overkill. In this case, pending for only eight months, the Docket Sheet reflects a total to date of 36 entries of which nineteen represent filings by the Plaintiff; those including a Motion for a New Trial and five Notices

In January of 2002, the Board of Overseers of the Bar (the "Board") commenced disciplinary proceedings against Plaintiff, who was then a member of the Bar of the State of Maine. The proceedings culminated, at an intermittent stage, in the entry of an April 16, 2002, order by Justice Rudman of the Maine Supreme Judicial Court, sitting as an assigned single justice of that court, temporarily suspending Plaintiff as a member of the Maine Bar.[2] Plaintiff promptly filed a Motion To Reconsider the temporary suspension and sought the vacation of the suspension. Justice Rudman denied the motion. Thereafter, the matter proceeded on Bar Counsel's 63–page, 276–paragraph information against Plaintiff alleging eighteen separate counts of violation of the Maine Bar Rules and containing 111 exhibits. Plaintiff was served therewith on October 10, 2002.

On October 7, 2002, Plaintiff filed in this Court a Complaint for declaratory and injunctive relief against the Supreme Judicial Court (Civ. No. 02–204)("*Williams I*"), arising out of the Plaintiff's temporary suspension from the practice of law and seeking this Court's issuance of a temporary restraining order "against the defendants against the further imposition and enforcement of Me. Bar R. 7.2 against the plaintiff." *Williams v. The Individual Justices of the Supreme Judicial Court of the State of Maine*, 245 F.Supp.2d 221, 223 (D.Me.2003). This Court denied Plaintiff's *ex parte* Motion for a Temporary Restraining Order. *Id.* Defendants, the Individual Justices, filed a Motion to Dismiss in that case, and Plaintiff was permitted to file a Second Amended Complaint therein. *Id.*

at 224. In their Motion to Dismiss, the Justices in that case argued, *inter alia*, that federal abstention in respect to Plaintiff's claims was mandated by *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny. *Id.* at 230. In the alternative, Defendants argued that the *Rooker–Feldman* doctrine was a basis for dismissal of this Complaint.

This Court issued an opinion in which it determined that it lacked federal subject-matter jurisdiction over the case on the basis of the *Rooker–Feldman* doctrine, which precludes lower federal courts from exercising jurisdiction over claims that are actually litigated in state court and which are "inextricably intertwined" with pending state court adjudication. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The Court dismissed the case without the then apparent need to approach the issue of the application of *Younger v. Harris* abstention. *Williams I*, 245 F.Supp.2d at 230.

Plaintiff appealed from this Court's decision dismissing the case. The Court of Appeals for the First Circuit issued on June 11, 2003, its Judgment (unreported) affirming this Court's dismissal of Plaintiff's Complaint. Acting on the basis of *Younger v. Harris* abstention and without considering this Court's analysis under *Rooker–Feldman*, the Court of Appeals found that Plaintiff had an existing right to litigate the "underlying constitutional issues in a proper forum" (*e.g.*, in the course of the State of Maine Bar disciplinary proceedings). The pertinent text of the appellate Judgment reads as follows:

of Appeal, and *no adverse party has yet been served with process in the case.*

**2.** All of the pertinent detail of the state court proceedings are set forth at length in this Court's opinion in the prior case in this Court

of *Williams v. The Individual Justices of the Supreme Judicial Court of the State of Maine,* 245 F.Supp.2d 221 (D.Me.2003), to which opinion reference will be made herein.

Williams seeks relief on the ground that the temporary suspension violates his right to due process because it precludes him from the practice of law without affording him an adequate opportunity to challenge his suspension in state court. Even if we assume *arguendo* that the federal courts have jurisdiction over the complaint in this case, federal abstention is required pursuant to the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746 (1971) and its progeny. *See Bettencourt v. Board of Registration in Medicine,* 904 F.2d 772, 777 (1st Cir. 1990) (abstention doctrine prohibits federal courts from interfering in certain ongoing state-initiated criminal, civil, or administrative proceedings).

*Younger* mandates abstention when state proceedings are (1) judicial in nature, (2) implicate important state interests, and (3) provide an adequate opportunity to raise federal constitutional challenges. *See, e.g., Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (applying *Younger* abstention in similar circumstances). The disciplinary action against Williams is not only ongoing but also is judicial in nature and involves important state interests. Furthermore, Williams has not shown that he lacks an adequate opportunity to raise his federal constitutional claims in the state proceedings.

The test for the adequacy of a state proceeding is "whether 'state law clearly bars the interposition of constitutional claims.'" *Brooks v. New Hampshire Supreme Court,* 80 F.3d 633, 639 (1st Cir.1996) (quoting *Moore v. Sims,* 442 U.S. 415, 425–26, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979)). Maine law pro-

vides an opportunity to raise constitutional issues in bar disciplinary proceedings, *see, e.g., Bd. of Overseers of the Bar v. Dineen,* 557 A.2d 610, 613 (Me. 1989) (addressing attorney's claim that trial violated his right to due process), and Williams has already alluded to his constitutional claim in challenging his temporary suspension. Since Williams has neither presented a fully articulated constitutional claim to the single justice nor has he attempted to appeal the summary denial of his claim to the full court, he has yet to show that state law somehow prevents an adequate resolution of such claims. Furthermore, even if Williams were somehow prevented from raising his federal constitutional claims beforehand, he will be able to raise such claims during the hearing on final disciplinary action. Williams has not shown that the state has so delayed those proceedings as to render the process for raising his constitutional claims inadequate.

Finally, we cannot entertain at this time, Williams' claim that the state disciplinary proceedings were racially motivated. For one thing, Williams did not present this claim to the district court. For another thing, he has provided no credible support for this allegation.

*We affirm the district court's order of dismissal, without prejudice, however, to Williams' right to litigate the underlying constitutional issues in a proper forum.*

*Williams I,* Judgment of June 11, 2003, (Unreported) (Docket Item No. 59), at 1–2 (emphasis added).[3] The Circuit Court's Mandate, entered on August 22, 2003 (Docket Item No. 81) noticed that the affirmance was without prejudice "to

---

**3.** For some reason, the case was renamed in the Court of Appeals as *"Williams v. Leigh Saufley, in her Official Capacity as Associate* *[sic] Justice, Supreme Judicial Court, State of Maine, et al."*

Williams' right to litigate the underlying constitutional issues in a proper forum." *Williams I,* Mandate of August 22, 2003.[4] This Court entered its Order of September 22, 2004 dismissing as moot Plaintiff's prior motion in the case to Amend The Complaint (Docket Item No. 83). That case is now terminated on this Court's docket.

Plaintiff then initiated this case on May 10, 2004, *by filing* a Complaint (Docket Item No. 1) (*"Williams II "*). The case was assigned Docket No. Civ. 04–95–P–C. Service of the Complaint was not made upon the Defendants concurrently with commencement of the action. Plaintiff filed a Motion to Proceed *in forma pauperis,* which was referred to the Magistrate Judge (Docket Item No. 2). The Magistrate Judge granted that Motion. She also rendered a Recommended Decision recommending dismissal of the Complaint for various reasons set out in the Recommended Decision (Docket Item No. 3). On June 25, 2004, this Court entered its Order Affirming the Report and Recommended Decision (Docket Item No. 12). It reads as follows:

> ORDER AFFIRMING REPORT AND RECOMMENDATIONS for (3) Order, Report and Recommended Decision, "After a full de novo review, the Order Recommending Dismissal of Complaint (Docket Item No. 3) is hereby ACCEPTED, ADOPTED, and AFFIRMED, albeit on a different ground than those set forth therein. The Court has contacted the Clerk of the Maine Supreme Judicial Court and has been advised that Plaintiff's appeal of Justice Rudman's April 7, 2004 order of disbarment is still pending. In light of Plaintiff's ongoing state court proceedings, the Court concludes that the doctrine of

*Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746 (1971), and its progeny requires federal abstention with respect to Plaintiff's Complaint. *See Williams v. Saufley,* No. 03–1269 (1st Cir. June 11, 2003). Accordingly, it is ORDERED that Plaintiff's Complaint, and it is hereby, DISMISSED without prejudice."

The Court, thus feeding off the learning provided by the Court of Appeals in its Decision on the prior case, (e.g., that *Younger v. Harris* abstention was required so long as Plaintiff had failed to show "that he lacks an adequate opportunity to raise his federal constitutional claims in the state proceedings"), *Williams I* (Docket Item No. 59) at 1–2, and having determined that the state proceedings were ongoing, dismissed the present case without prejudice. Plaintiff engaged in various procedural maneuvers thereafter, including filing Notices of Appeal (Docket Item Nos. 15 and 32).

On July 21, 2004, the Court entered its Order (Docket Item No. 25) vacating the prior Order Affirming the Recommended Decision and the Judgment (Docket Item No. 13) entered thereon, the Court being advised by the Plaintiff's Memorandum (Docket Item No. 17) filed on July 9, 2004 that the Chief Justice of the Maine Supreme Judicial Court had granted Plaintiff's Motion before that Court *for a stay of the state proceedings pending resolution of this case.* His Memorandum states:

> On or about June 1, 2004 Mr. Williams filed a motion for stay of proceeding in state court with the defendants, the Maine Supreme Judicial Court. The motion cited the present law suit as its chief reason for the need for the stay. A response from the Board of Bar Overseers (Board) was due on or about June

---

**4.** A second Mandate on a Notice of Appeal in respect to a decision of this Court, which were ancillary to Plaintiff's main Appeal was entered on April 28, 2004 affirming this Court's actions that were the subject of that Notice of Appeal

10, 2004. The Board, failed to file any reply to the motion. *See* attached order p. 1.

On July 6, 2004, at approximately 2:45 p.m., the Plaintiff/Appellant (Mr. Williams) received a letter from the defendants/Appellees. The order stayed all progress within Mr. Williams state appeal of his disbarment order entered against him by Defendant Rudman on May 7, 2004, in Bangor, ME. The order expressly stated that the terms of the stay shall be enforced until the resolution of the present federal law suit or suit time as the state court orders otherwise. As the order itself states, the judgment of disbarment is still in effect during whatever proceedings occur in federal court during the state court stay. This stay is open ended, terminating only upon completion of this case, upon motion of Mr. Williams, or until the court orders such. The date of the order is June 30, two (2) days after the district court's questionable efforts to take judicial notice if Mr. Williams appeal in state court. *See* attached order p. 1 *and* USDC Maine 04–CV95 Judgment.

Plaintiff's Memorandum at 1. Attached to the Memorandum is the Order of Chief Justice Saufley stating in part:

> Therefore, it is hereby ORDERED that Mr. Williams's appeal from the judgment of the single justice is STAYED until the *earlier* of:
>
> (a) the resolution of the litigation pending in the Federal District Court, Docket No. 04–CV–00095–GC, including any appeal to the First Circuit Court of Appeals; or
>
> (b) such time as this court orders otherwise.

Order in Supreme Judicial Court Docket No. Cum–04–228 (attached to Docket Item No. 17 herein).[5] This Court concluded that the granting of that stay established that, although it was accomplished by Plaintiff's own act and initiative, he no longer could effectively pursue his constitutional claims in the state proceedings, and that the predicate articulated by the Court of Appeals for application of *Younger* abstention to the prior case was no longer tenable in this case.[6] It vacated its

---

**5.** The reason for the Chief Justice's action in this respect is hard to discern unless, as is entirely possible, she entered the stay order on June 30, 2004 in the state proceedings while unaware that this Court had previously dismissed this case in this Court on June 25, 2004 in deference to the jurisdiction of the Supreme Judicial Court of Maine under principles of *Younger* abstention. If that is the explanation, it establishes two propositions of significance. First, it establishes that the Plaintiff had and used the advantage of the Chief Justice's lack of knowledge concerning the status of this case (which resulted from his refusal to serve the Complaint on the Defendants in the case). The event, in such case would be a bit of sly legerdemain on the part of the Plaintiff in permitting an unsuspecting Chief Justice to act on the Motion to Stay the state court proceedings, the effect of which was to destroy this Court's predicate for having previously dismissed this case. By doing so, he caused this case to remain in this Court after this Court had determined that it properly belonged in the Maine Court, under direct and compelling precedent of the Court of Appeals. Second, this history graphically demonstrates that Plaintiff must be compelled to serve the Defendants herein with process in order to put an end to the continued, mind-numbing prolixity of motions and the procedural confusion which appears to be Plaintiff's *forte.*

**6.** The Court acknowledges that it was, and remains *dubitante* as to the propriety, in a technical sense, of this conclusion. It was more the result of generosity toward the Plaintiff's claims rather than any exercise of focussed legal reasoning. Obviously, it can be argued that Plaintiff, having precipitated the stay of the state court's proceedings should not be permitted to complain that he could not proceed in the pending state court

Order of Dismissal and its resultant Judgment to so reflect that state of facts.

Since that action, the case has become a time-consuming morass procedurally due to Plaintiff's continual filing of motions to which the Court can obtain no adversarial response or statement of position because the Plaintiff had refused to serve the Summons and Complaint on Defendants. Accordingly the Court ordered the issuance of process to Plaintiff and entered its Order Directing Completion of Service of Civil Process upon Defendants (Docket Item No. 24), which reads as follows:

> Now before the Court is the Request of Plaintiff, *in forma pauperis,* for an order directing service of process upon the Defendants herein (Docket Item No. 7). In light of recent developments in the case, including, *inter alia,* the alleged entry of an order of the Supreme Judicial Court staying proceedings in the Bar Disciplinary Proceedings before it pending resolution of this litigation, it is hereby **ORDERED**:
>
> (1) that Plaintiff shall *forthwith* obtain the necessary civil summons forms from the Clerk of this Court, complete them appropriately, *and deliver them to the United States Marshal in this district,* together with copies of the Complaint herein, *with a written request for service of that process* on the respective Defendants;
>
> (2) that, on receipt of the aforesaid civil process and copies of the Complaint from Plaintiff, in proper form, the United States Marshal shall *forthwith cause proper service of that civil process to be made upon the respective Defendants* herein *without charging any fees;*
>
> (3) that upon receipt of service of the said civil process, each Defendant so served herein shall respond to the Complaint and Motions of Plaintiff herein as required by the Federal Rules of Civil Procedure and the applicable Local Rules of this Court;
>
> (4) that decision be, and it is hereby, **RESERVED** on Plaintiff's pending motions herein until completion of service on Defendants and of their filing of responsive pleadings herein; and
>
> (5) that a copy of this Order shall be served upon each Defendant by the United States Marshal with the service of the summons and Complaint as required above.

(Emphasis added). Despite this effort to reduce proceedings in this case to some semblance of regularity, this case has continued to be an exercise in fruitless procedural wheel-spinning because the Plaintiff has not, and will not, serve the Defendants with process and the Complaint as he has previously been ordered to do "forthwith." *Id.* Yet the case continues to pend while

proceedings with the assertion of his constitutional claims. By that view, he could have been said to have inflicted his own fatal wound and be relegated to other proceedings he might initiate in the Maine Courts to pursue his constitutional claims in recognition of the thrust of, and policy basis for, the *Younger* abstention doctrine.

This Court, on the ground at that time, considered the narrow focus of the Court of Appeals language in the prior case upon the

*pendency* of the ongoing State bar disciplinary proceedings and its solicitude for the constitutional status of some of the Plaintiff's claims and decided not to pinion the Plaintiff upon his own petard. It might be said that the decision was a gratuitous act of kindness. It is, however, one that the Court does not currently regret, and it will therefore patiently endure the apparently forthcoming punishment that generally follows such acts of charity.

the Defendants have no standing or incentive to respond to Plaintiff's filings or to participate in any way in the case in the absence of service of process. The Court has no way of knowing whether Plaintiff's papers have ever been received by the Defendants in the case, which would be of no consequence in any event because of the absence of service of process on them. As a result, the Court will not be able to ascertain the position of the Defendants in respect to any of Plaintiff's motions or pending procedural maneuvers. It is time for this lonesome monologue to be forcibly converted into a tripping *pas de deux* by the parties on both sides participating in the ongoing procedural ballet. Prompt service of Plaintiff's process is necessary to begin the dance.

The Court **FINDS** in the circumstances of this case that there is no justification for past or, indeed, for further, delay in accomplishing service of process in the case, beyond the period of the extension of twenty (20) days which the Court will grant to Plaintiff by this Order. He was granted *in forma pauperis* status by the Magistrate Judge on May 12, 2004. He was ordered on July 21, 2004 by this Court to *"forthwith"* obtain summonses and submit them to the United States Marshal for service. The Docket reflects that summonses were issued to Plaintiff on July 21, 2004, *see* Docket Item Nos. 26–29. None of those summonses have been returned to the Court as executed by service. The record does not reflect that Plaintiff has ever even *requested* that the U.S. Marshal effect service as contemplated by the Court's Order. Plaintiff makes no claim in the Motion that he has sought execution of such service. The time for completion of service under Fed.R.Civ.P. 4(j) expired on

September 7, 2004. The case is ripe to be dismissed for that reason alone. Plaintiff filed the pending Motion on November 29, 2004.

The Court is not satisfied that the travails of the Plaintiff's personal circumstances alleged in the Motion sufficiently explain or justify Plaintiff's already delinquent failure to serve process herein long ago, or even now. All the Plaintiff presently has to do is to deliver the process to the United States Marshal and request execution of service. Because of his *in forma pauperis* status, the Marshal will carry out service without cost to him in accordance with the Court's foregoing Order. *See* 28 U.S.C. § 1915(d).

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Extend Time for Service of Process Against the Defendants be, and it is hereby **GRANTED** *in part,* and that the period for service of such process be, and it is hereby, **EXTENDED** to December 22, 2004 at Midnight on said day, and it is hereby **FURTHER ORDERED** that Plaintiff shall cause the service of the Summons and Complaint upon *every defendant hereto without fail* no later than December 22, 2004 at Midnight and file *by 9:00 A.M. on December 23, 2004* with the Clerk of this Court executed returns of service showing completion of service of process, in default of which the Court will **DISMISS** the Complaint herein as to any such defendant not timely served in accordance with this Order.[7]

---

7. The Court notes that in the Motion (Docket Item No. 36) Plaintiff disingenuously asserts that this Court in vacating its Order of June 25, 2004 (Docket Item No. 12) thereby "conceded" that Plaintiff's Complaint facially states valid claims for relief that are not frivo-

lous. Plaintiff's Motion for Extension of Time, at 4. Let the Court make the record crystal clear; nothing could be further from the truth. The Court has not to this point passed judgment *in any respect* on any of Plaintiff's claims as set forth in the Complaint. It simply vacated its prior dismissal of the case when advised that Chief Justice Saufley had granted a stay in the state proceedings, Plaintiff's opportunity to pursue such proceedings being the predicate for this Court's prior dismissal of the case.