### BOARD OF OVERSEERS OF THE BAR

v.

### James Martin DINEEN.

Supreme Judicial Court of Maine.

Argued March 6, 1989.
Decided April 12, 1989.

Karen M. Kinglsey (orally), Bd. of Overseers of the Bar, Augusta, for plaintiff.

James M. Dineen (orally), Kittery, pro se.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD and HORNBY, JJ.

PER CURIAM.

James Martin Dineen appeals from a judgment of a single justice of the Supreme Judicial Court (*Wathen, J.*) finding that Dineen had violated several provisions of the Maine Bar Rules and ordering his disbarment from the practice of law in Maine. Dineen contends that by reason of the delay by Bar Counsel in instituting two of the charges against him he was denied due process of law in the disciplinary proceedings in violation of the United States and Maine Constitutions; that the doctrine of laches militates against the imposition of sanctions; and that the justice abused his discretion in imposing disbarment as a sanction. We affirm the judgment.

I

This is not the first time Dineen has been the subject of disciplinary proceedings. Dineen was suspended from the practice of law for four months in 1977 because he engaged in conduct unworthy of an attorney, *see In re Dineen,* 380 A.2d 603 (Me. 1977), and he was suspended for six months in 1986 for violating the conflict of interest provisions of the Maine Bar Rules in his representation of a husband and wife in divorce proceedings during the period of 1982–1983. *See Board of Overseers of the Bar v. Dineen,* 500 A.2d 262 (Me.1985), *cert. denied, Dineen v. Maine Bd. of Overseers of the Bar,* 476 U.S. 1141, 106 S.Ct. 2248, 90 L.Ed.2d 694 (1986).

The first three charges against Dineen in the instant proceedings arose from alleged misconduct in rendering legal services to three clients.

As to each of these charges, the presiding justice found the following facts: In May 1974 Clients One retained Dineen to represent them on a claim for damages for personal injuries suffered by them as a result of an automobile accident on May 18, 1973. On July 20, 1976, Dineen filed a complaint in the Superior Court, York County, on behalf of these clients. The named defendant filed a timely answer to this complaint. No further action was taken by Dineen on behalf of his clients until January, 1979, when he dismissed the com-

plaint to avoid it being dismissed by the trial court pursuant to M.R.Civ.P. 41(b)(1).[1] On May 17, 1979—one day before the expiration of the statute of limitations—Dineen filed a new complaint on behalf of his clients. In November, 1981, he filed interrogatories to be answered by the named defendant in that action. No further action was taken by Dineen. During the period of 1974 to 1985 Dineen had assured the clients he was working on their case. In February, 1985, after the clients had personally investigated the status of their case, they filed a complaint about Dineen with the Board of Overseers of the Bar. The clients secured the services of another lawyer, and subsequently decided to abandon their law suit.

Client Two retained Dineen to represent her on a criminal charge pending in the District Court at Kittery. After several continuances the case was set for trial for December 8, 1982 at 9:00 a.m. over the objection of Dineen. On December 6 Dineen moved for a continuance of the trial date on the ground that he had to appear before a New Hampshire court on that date. One District Court judge denied the motion reserving to Dineen the right to renew the motion before the judge sitting on the scheduled trial day. Dineen did not renew the motion and neither he nor his client appeared at the time set for trial of the case. As a result of this nonappearance, the State excused its witnesses, secured a default and a warrant for the client's arrest.

In 1974, Clients Three engaged Dineen to represent them in their claim for damages for injuries sustained as a result of an automobile accident in 1971. The clients made regular inquiries of Dineen as to the progress of their case and were assured that he had "no news". Two days after the expiration of the statute of limitations, Dineen filed a complaint on behalf of his clients. The named defendant successfully moved for a summary judgment on the

basis of the expiration of the statute of limitations. Dineen did not advise the clients of the status of their law suit until November 1978, more than one and one-half years after the expiration of the statute of limitations, even though the clients made frequent inquiries of him.

The fourth charge arose from the alleged failure of Dineen to comply with the requirements of M.Bar R. 7(n)(2) requiring that an attorney suspended from the practice of law file within 30 days an affidavit with the Supreme Judicial Court and the Board of Overseers of the Bar attesting compliance with the specific requirements of that rule relating to notification to clients and others of such suspension. The following facts were found by the single justice: By order of this court Dineen was suspended from practicing law for a period of six months. *Board of Overseers v. Dineen,* 500 A.2d 262 (Me.1985). The suspension became effective on June 26, 1986. Dineen was informed and reminded of the necessity of filing an affidavit in accordance with the requirements of Rule 7(n)(2) by a letter from Bar Counsel. When Dineen failed to file the required affidavit, by order dated October 1, 1986, the court granted Bar Counsel's motion for an order to show cause why Dineen should not be held in contempt and set the matter for hearing on October 23, 1986. On October 22, 1986, one day prior to the hearing, Dineen filed the affidavit required by Rule 7(n)(2).

## II

Dineen first contends that he was denied due process in the proceedings as to Clients Two and Three because he was unable to cross-examine the witnesses effectively or present accurate evidence due to Bar Counsel's delay in filing disciplinary proceedings against Dineen. To support this contention, Dineen points to the record that reflects that in January 1983 Client Two filed

---

**1.** Maine Rule of Civil Procedure 41(b)(1) provides that after notice to the parties, and in the absence of a showing of good cause to the contrary, the court on its own motion shall dismiss an action for want of prosecution at any

time more than two years after the last docket entry showing that the plaintiff has taken any action in the case to advance it toward a trial date.

a complaint with the Board of Overseers of the Bar regarding Dineen's failure to be present in court on the date set for the trial of the criminal charge against her and that Bar Counsel did not file any disciplinary proceedings against Dineen on that account until June, 1986. Further, in November 1985 a justice of the Superior Court informed the Board of Overseers of the Bar that in a civil action brought by Clients Three against Dineen, the jury had awarded damages to the clients based, *inter alia,* on Dineen's legal malpractice in the representation of the clients and that Bar Counsel did not file any disciplinary proceedings against Dineen on that account until July 1987.

■ In the first instance we note that in the Maine Bar Rules there is no statute of limitations barring the institution of a disciplinary action against a lawyer. *See Standards for Lawyer Discipline and Disability Proceedings* § 4.6, *reprinted in* ABA/Bureau Nat'l Affairs, *ABA/BNA Lawyers' Manual on Professional Conduct* 01:517 (1989). Attorneys are, however, entitled to procedural due process in disciplinary proceedings. *In re Ruffalo,* 390 U.S. 544, 550, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117 (1968). Due process requires that an attorney subject to disciplinary proceedings be given an opportunity "to be heard on the charges and statements made against him and he must further be afforded the exercise of his right of confrontation by, and cross-examination of, the witnesses who supply the information adverse to him." *In re Application of Feingold,* 296 A.2d 492, 498 (Me.1972) (application for admission); *see Bar Ass'n of Baltimore City v. Posner,* 275 Md. 250, 255, 339 A.2d 657, 660 (attorney in disciplinary proceedings is entitled to "full and fair hearing"), *cert. denied,* 423 U.S. 1016, 96 S.Ct. 451, 46 L.Ed.2d 388 (1975); *see also* M.Bar R. 7(e) (procedures governing attorney discipline actions before the Court).

■ Contrary to Dineen's contention, the record reflects that he had a full and fair trial of the charges against him. He had the opportunity to cross-examine the witnesses on all matters including those charges relating to his legal representation of Clients Two and Three. The absence of Client Two at the disciplinary proceedings was immaterial because the finding of Dineen's misconduct as to the representation of that client was based on his failure to be present in court on the date the case was set for trial. Clients Three had instituted a civil action against Dineen seeking damages for his alleged legal malpractice in the handling of their case. A final judgment for the clients was entered in July, 1987 at which time Bar Counsel instituted the disciplinary proceedings against Dineen as to those clients. *See* M.Bar R. 7(h) (Board of Overseers of the Bar can defer investigation or prosecution of complaints involving material allegations substantially similar to material allegations of pending civil litigation until termination by final judgment).

■ Nor do we find any merit in Dineen's contention that the delay in the institution of disciplinary procedures against him as to Clients Two and Three triggered the doctrine of laches and prevented or militated against the imposition of sanctions upon Dineen for any misconduct found to have occurred in his legal representation of these clients. Laches is " 'an omission to assert a right for an unreasonable and unexplained length of time and under circumstances prejudicial to the adverse party.' " *Johnson v. Town of Dedham,* 490 A.2d 1187, 1189 (Me.1985) (quoting *A.H. Benoit & Co. v. Johnson,* 160 Me. 201, 207, 202 A.2d 1, 5 (1964)). We have never held that the defense of laches is available in disciplinary proceedings, nor do the facts of this case merit such a holding. Dineen points to no prejudice, nor does the record reflect any prejudice, either in the preparation of his defense to the charges or the presentation of his case in the course of the disciplinary proceedings.

■ Dineen does not challenge the findings of the single justice or the determination of the bar rule violations, but contends that the sanction of disbarment was not warranted and asks this court to impose a less severe sanction. We review the decision to determine if the sanction imposed was within the discretion of the single jus-

tice. *See In re Dineen,* 380 A.2d 603, 605 (Me.1977); *In re Application of Feingold,* 296 A.2d at 498. Disbarment from the practice of law is within the range of sanctions permitted the single justice. M.Bar R. 2(d); 4 M.R.S.A. § 853 (1979).

It would serve no useful purpose to treat in greater detail the findings and conclusions of the single justice with respect to each of the charges brought against Dineen. With respect to those charges on which the single justice based his order, our review of the record discloses sufficient evidence to support each finding of fact and the ultimate conclusion that the disbarment of Dineen was required for the protection of the public and the courts. *See* M.Bar R. 2(a) (purpose of disciplinary proceeding "is not punishment but protection of the public and the courts from attorneys who by their conduct have demonstrated that they are unable, or likely to be unable, to discharge properly their professional duties"). On the facts found, the single justice acted within his discretion in imposing the sanction of disbarment.

The entry is:

Judgment affirmed.

All concurring.