2010 ME 121

**Petition of Charles G. WILLIAMS III for Reinstatement to the Bar of the State of Maine.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 21, 2010.
Decided: Nov. 23, 2010.

---

Charles G. Williams, III, Abington, MA, for Petitioner.

J. Scott Davis, Esq., Board of Overseers of the Bar, Augusta, ME, for Board of Overseers of the Bar.

Panel: SAUFLEY, C.J., and LEVY, MEAD, GORMAN, and JABAR, JJ.

GORMAN, J.

[¶ 1]  Charles G. Williams III appeals from the decision of a single justice of the Maine Supreme Judicial Court (*Alexander, J.*) denying his petition for reinstatement to the bar.  Williams, who was disbarred in 2004, challenges the procedural process by which the court considered the petition, as well as the sufficiency of the evidence supporting its denial.  We affirm the judgment.

## I.  FACTS AND PROCEDURE

[¶ 2]  The following facts are largely undisputed.  Williams was admitted to practice law in Maine in April of 1999.  In April of 2002, Williams's right to practice was suspended indefinitely, and in April of 2004, Williams was disbarred for numerous and repeated ethical violations based on evidence that he: forced a former client to engage in unwanted sexual acts; failed to attend client appointments and court proceedings; failed to file necessary court documents; failed to communicate with clients, opposing counsel, and the courts; failed to respond to requests from the Board of Overseers, bar counsel, and the Fee Arbitration Commission; disclosed confidential client information to third parties; charged excessive fees; failed to pay various vendors who provided services to his legal practice; took money from clients, but then failed to perform the attendant work; and caused the Lawyers' Fund for Client Protection to pay $24,275.89 in claims filed by former

clients.[1]

[¶ 3]   In October of 2009, Williams petitioned the Maine Supreme Judicial Court for reinstatement pursuant to M. Bar R. 7.3(j)(5).[2]   Following a testimonial hearing, the Grievance Commission of the Board of Overseers issued findings and a recommendation that the petition be denied. Over Williams's objection, the Board adopted the Commission's findings and recommendation.

[¶ 4]   By decision dated May 10, 2010, the court denied Williams's petition for reinstatement.   It found that Williams continues to misunderstand and blame others for his ethical violations, cite unsupported allegations of prejudice against him, and minimize the harm he caused to his clients, and has still failed to explain how or why his previous ethical lapses occurred.   In its order, the court noted that Georgia had revoked Williams's teaching certificate in 2007 because Williams failed to disclose the fact of his disbarment in Maine.   The court found that Williams "does not appear to truly accept that his conduct was seriously wrong and ... does not appear to recognize and address the conduct—neglect, financial impropriety, and abuse of clients and their cases—that was the cause of his disbarment." Williams appeals.

## II.   DISCUSSION

[¶ 5]   It is within our authority to regulate attorneys and the practice of law in Maine; we have delegated some of that authority to the Board of Overseers to develop a record and issue recommendations in reinstatement proceedings.   M. Bar R. 7.3(j)(5), (6); *Bd. of Overseers of the Bar v. Campbell,* 539 A.2d 208, 209

(Me.1988).   Certainly this process must comport with due process requirements. *Schware v. Bd. of Bar Exam'rs of N.M.,* 353 U.S. 232, 238–39, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); *Bd. of Overseers of the Bar v. Lefebvre,* 1998 ME 24, ¶ 15, 707 A.2d 69, 73; *see In re Richard E.,* 2009 ME 93, ¶ 18, 978 A.2d 217, 221 (stating that whether a litigant's right of due process has been maintained is an issue of law reviewed de novo).   We have said that such due process in the regulation of attorneys through the Board of Overseers consists of notice of the proceedings and an opportunity to be heard, including the right to confront and cross-examine witnesses.   *Lefebvre,* 1998 ME 24, ¶ 15, 707 A.2d at 73; *Bd. of Overseers of the Bar v. Dineen,* 557 A.2d 610, 613 (Me.1989).

[¶ 6]   Contrary to Williams's contentions, the process undertaken in his reinstatement proceedings comported with these due process requirements.   Williams filed a petition for reinstatement pursuant to M. Bar R. 7.3(j)(5).   Because bar counsel opposed the petition, the matter was referred to the Commission for a hearing. *See* M. Bar R. 7.3(j)(5).   In that hearing, it was Williams's burden to present "clear and convincing evidence demonstrating the moral qualifications, competency, and learning in law required for admission to practice law in this State," as well as evidence establishing that "reinstatement will not be detrimental to the integrity and standing of the Bar, the administration of justice, or to the public interest." M. Bar R. 7.3(j)(5); *accord In re Application of Hughes,* 594 A.2d 1098, 1101 (Me.1991). Rule 7.3 also enumerates the factors to be considered in determining whether that burden is met:

---

**1.**   We dismissed Williams's appeal of his disbarment in July of 2005 for want of prosecution.

**2.**   An attorney may seek reinstatement no sooner than five years after disbarment.   M. Bar R. 7.3(j)(1).

(A) The petitioner has fully complied with the terms of all prior disciplinary orders;

(B) The petitioner has neither engaged nor attempted to engage in the unauthorized practice of law;

(C) The petitioner recognizes the wrongfulness and seriousness of the misconduct;

(D) The petitioner has not engaged in any other professional misconduct since resignation, suspension or disbarment;

(E) The petitioner has the requisite honesty and integrity to practice law;

(F) The petitioner has met the continuing legal education requirements of Rule 12(a)(1) for each year the attorney has been inactive, withdrawn or prohibited from the practice of law in Maine. . . .

M. Bar R. 7.3(j)(5). In an effort to satisfy his burden, Williams presented his own testimony during the hearing, as well as that of four additional witnesses.

[¶ 7] After considering all of the evidence presented during the hearing, the Commission transmitted to the Board and to Williams a written report containing its findings and its recommendation that Williams's petition be denied. *See* M. Bar R. 7.3(j)(6). Over Williams's objection, the Board adopted the findings and the recommendation of the Commission and filed the developed record with the court. *See* M. Bar R. 7.3(j)(6).

[¶ 8] Pursuant to this Court's order assigning the matter to a single justice for

decision, the court then properly reviewed the matter de novo based on the record already fully developed before the Commission and the Board. *See Bd. of Overseers of the Bar v. Sylvester,* 650 A.2d 702, 703 (Me.1994). Pursuant to M. Bar R. 7.3(j)(6), the court declined to conduct an additional testimonial hearing, a decision to which Williams did not object. The court did, however, invite the parties to submit additional briefing based on the developed record. The court then completed a thorough de novo evaluation of the evidence presented at the hearing, as well as Williams's own submissions supporting his reinstatement, including his petition for reinstatement and accompanying personal statement.

[¶ 9] The court complied fully with all procedural requirements of Rule 7.3(j). At every stage in the proceedings, Williams was provided with both notice and an opportunity to be heard; in fact, the Commission accommodated Williams's geographic and financial limitations by allowing him and his witnesses to testify via telephone from Georgia. Williams was permitted to, and did, fully participate in and defend himself at each stage of the proceeding, and has pointed to no specific evidence or legal argument he was precluded from presenting or developing.[3] The court reviewed the record independently to arrive at each finding as well as its own conclusion.

[¶ 10] As the unsuccessful party with the burden of proof at the trial level,

---

**3.** We need not address Williams's lengthy contention regarding the application of summary judgment pleading principles to the established facts because no such summary judgment was sought or granted; the court considered Williams's petition based on the testimonial hearing and Williams's own submissions, and completed its own fact-finding. Williams was well aware of the facts and issues that the court would consider in mak-

ing its decision, i.e., any portion of the record relevant to the factors set out in M. Bar R. 7.3(j)(5). Neither did the court improperly consider the revocation of Williams's teaching certificate in Georgia. The court considered the fact of that revocation, which Williams did not dispute, as evidence of professional misconduct that occurred since the disbarment.

Williams can prevail in his factual challenge to the decision only if he can establish that the court was compelled to find in his favor. *Ma v. Bryan,* 2010 ME 55, ¶ 6, 997 A.2d 755, 758. We discern no such compulsion here. The court issued a detailed and thoughtful decision in which it analyzed each of the factors relevant to reinstatement as set out in Rule 7.3(j)(5). The court's findings—that Williams has not adequately demonstrated his understanding of and remorse for his acts because his "fixation on his self image as '*the* focus of the civil rights movement in Maine'" caused him to ignore or minimize the actual misconduct that led to his disbarment, that he made untruthful statements in an application to obtain a higher level of teaching certificate in Georgia and thus Williams failed to establish that he has not engaged in professional misconduct since his disbarment, and that Williams therefore constitutes a risk to the integrity of the bar—are amply supported by Williams's testimony and the personal statement accompanying his petition for reinstatement.

[¶ 11] Although Williams presented the testimony of several witnesses, in addition to his own testimony, in support of his petition for reinstatement, the court was tasked with evaluating the weight and credibility of that testimony and was not required to believe any of that evidence, even though the Board did not introduce any contradictory evidence or witnesses of its own. *See Dionne v. LeClerc,* 2006 ME 34, ¶ 15, 896 A.2d 923, 929. The court acted well within its substantial discretion in denying Williams's petition. *See Dineen,* 557 A.2d at 613–14.

The entry is:

Judgment affirmed.