MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:    2022 ME 25
Docket:      Cum-21-238
Argued:      December 9, 2021
Decided:     April 14, 2022

Panel:       STANFILL, C.J., and MEAD, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

# IN RE PETITION OF GARY M. PROLMAN FOR REINSTATEMENT TO THE BAR OF THE STATE OF MAINE

**PER CURIAM**

[¶1]  The Board of Overseers of the Bar appeals from the judgment of a single justice (*Kelly, J.*) reinstating Gary M. Prolman to the practice of law following the suspension imposed by a single justice of the Supreme Judicial Court (*Alexander, J.*) in accordance with our decision in *Board of Overseers of the Bar v. Prolman* (*Prolman I*), 2018 ME 128, 193 A.3d 808.  Because we conclude that the record does not support the single justice's finding that Prolman proved his compliance with Maine Bar Rule 29(e)(1) and (4) by clear and convincing evidence at the reinstatement hearing, we vacate the judgment and remand for further proceedings.

## I.  BACKGROUND

[¶2]  Many of the facts leading to Prolman's current petition for reinstatement are set out in *Prolman I*.  Briefly,

- In June 2014, Prolman was suspended indefinitely from the practice of law in Maine as a result of his federal convictions related to money laundering. *Id.* ¶ 3.

- In February 2016, a single justice (*Alexander, J.*) terminated Prolman's suspension and reinstated him to practice effective July 1, 2016. *Id.*

- In May 2017, the Board filed a petition seeking to again suspend Prolman, alleging improper conduct with a female client. *Id.* ¶¶ 4-18. The single justice held a hearing, found that Prolman had violated several Maine Rules of Professional Conduct and his attorney's oath,[1] and suspended him from the practice of law for six months effective November 1, 2017. *Id.* ¶¶ 18-19, 24.

- Following the Board's appeal, we concluded that "the sanctions imposed were simply insufficient and represent an abuse of discretion." *Id.* ¶ 25. We vacated the six-month suspension and remanded to the single justice "for a de novo imposition of sanctions" that, "at a minimum, would require Prolman to apply for readmission upon demonstration of a thorough understanding of the ethical obligations of a Maine attorney." *Id.* ¶¶ 26-27.

[¶3] On remand, in July 2019 the single justice ordered a new suspension of two years with all but nine months suspended, six months of the suspension having already been served. Of particular significance here, the single justice imposed a condition on the July 2019 suspension requiring Prolman "to engage in counseling regarding boundary issues, and to engage in ethics training and counseling with particular emphasis on issues regarding client communications and relationships and what the rules of ethics require in terms

---

[1] All attorneys admitted to the Maine bar must take the oath prescribed by 4 M.R.S. § 806 (2021).

of those relationships." The single justice specifically required Prolman to petition for reinstatement once the remaining three months of the suspension commenced on October 1, 2019.

[¶4] On December 12, 2019, Prolman filed a petition for reinstatement. M. Bar R. 29(b). The Grievance Commission issued its report recommending that the petition be denied, and Prolman objected to the report. M. Bar R. 29(g)-(h). A single justice (*Kelly, J.*) then held a de novo evidentiary hearing.[2] On June 16, 2021, the single justice found that Prolman had met his burden to prove by clear and convincing evidence that he had complied with each of the eight criteria for reinstatement set out in Maine Bar Rule 29(e). The single justice ordered that Prolman could be reinstated subject to "strict compliance" with several conditions restricting his contact with clients and requiring that he "meaningfully" engage for at least twelve months in counseling focused on maintaining proper client boundaries. M. Bar R. 29(i). Actual reinstatement was to follow a conference with counsel and the director of the Maine Assistance Program for Lawyers and Judges (MAP) to "finalize the details of the required counseling and [court-ordered] monitoring."

---

[2] The matter was assigned to District Court Judge E. Mary Kelly by order of the Chief Justice.

4

[¶5]   The Board moved for additional findings pursuant to M.R. Civ. P. 52(b), contending, and asking the single justice to find, that Prolman's petition for reinstatement included a letter of support from a former client, the submission of which constituted "a misrepresentation [by Prolman] to the Supreme Judicial Court."  In response to the motion, the single justice made detailed findings, ultimately finding that although Prolman's "extremely poor judgment created the conditions that have given rise to the Board's concerns," "[t]he court . . . has considered [the] letter, but having considered it, declines to find, in the highly unusual circumstances of this case, that [Prolman's] filing of the letter amounts to a material misrepresentation that would disqualify him from being reinstated."

[¶6]  On July 26, 2021, following a conference with counsel, Prolman, the Executive Director of MAP, and two court-appointed monitors, the single justice issued an order reinstating Prolman to practice effective August 2, 2021.  The order imposed conditions requiring the monitoring of Prolman's practice; regular, boundary-focused psychological counseling for at least twelve months; participation in the MAP; and—"[for] as long as [Prolman] is practicing law"—restrictions on his contacts with "current, former or future clients."  *See* M. Bar R. 29(i).

[¶7]  The Board appealed.  M.R. App. P. 2B(c)(1).  We denied Prolman's motions to dismiss the appeal as interlocutory and to lift the automatic stay on his reinstatement imposed by M.R. Civ. P. 62(e).

## II.  DISCUSSION

[¶8]  Maine Bar Rule 29(e), which we interpret de novo, *see Bailey v. Bd. of Bar Examiners*, 2014 ME 58, ¶ 17, 90 A.3d 1137, sets out eight criteria for reinstatement to the practice of law following a disciplinary suspension lasting longer than six months.  *See also* M. Bar R. 29(a).  At the de novo hearing on his petition for reinstatement, it was Prolman's burden to prove by clear and convincing evidence that he met each of the criteria.  M. Bar. R. 29(e), (g); *see Bailey*, 2014 ME 58, ¶ 16, 90 A.3d 1137; *In re Williams*, 2010 ME 121, ¶ 6, 8 A.3d 666; *In re Application of Hughes*, 594 A.2d 1098, 1101 (Me. 1991).[3]

[¶9]  "We treat the single justice's decision on the petition for reinstatement as the judgment of a trial court and review it as an appellate body." *In re Jonas*, 2017 ME 115, ¶ 1 n.1, 164 A.3d 120.  Accordingly, we review the single justice's factual findings for clear error and the ultimate determination that Prolman met the Rule 29(e) criteria for reinstatement for abuse of the single justice's "substantial discretion."  *Bailey*, 2014 ME 58, ¶ 17,

---

[3] Prolman agreed at the hearing that he bore the burden of proof by clear and convincing evidence.

6

90 A.3d 1137; *In re Williams*, 2010 ME 121, ¶ 11, 8 A.3d 666; *see Bd. of Overseers of the Bar v. Dineen*, 557 A.2d 610, 613-14 (Me. 1989). That said, because we "retain[] ultimate authority to regulate attorneys and the practice of law in Maine," *In re Jonas*, 2017 ME 115, ¶ 30, 164 A.3d 120, and the relevant Bar Rule imposes the duty of reviewing the Grievance Commission's report on us directly, *see* Maine Bar Rule 29(g), (h), we will weigh the single justice's exercise of discretion with the understanding that, in the end, the disciplinary determination is ours to make.

[¶10] The Board contends that the single justice erred in finding that Prolman met the six criteria set out in Rule 29(e)(1)-(6); it does not challenge the single justice's findings concerning Rule 29(e)(7) (CLE requirements) or (8) (registration fees). Because we agree the evidence fails to support a finding that Prolman satisfied the Rule 29(e)(1) and (4) criteria, we need not reach the Board's remaining arguments, and we turn to a discussion of the single justice's Rule 29(e)(1) and (4) findings.[4]

---

[4] In addition to challenging the single justice's findings concerning Maine Bar Rule 29(e)(1)-(6), the Board contends that the single justice erred or abused her discretion in declining to admit in evidence the entirety of Prolman's testimony before the Grievance Commission, and in declining to make the specific findings requested by the Board in its motion for further findings. We disagree with those contentions and do not discuss them further.

## A. Rule 29(e)(1)

[¶11]  Under Maine Bar Rule 29(e)(1), Prolman was required to prove that he had "fully complied with the terms and conditions of all prior disciplinary orders issued in Maine," including the condition imposed by the single justice in the July 2019 suspension order requiring Prolman to "engage in counseling regarding boundary issues, and to engage in ethics training and counseling with particular emphasis on issues regarding client communications and relationships and what the rules of ethics require in terms of those relationships."

[¶12]  In her 2021 reinstatement order, the single justice found that although Prolman "technically complied" with the "literal terms" of the boundary counseling requirement, "the record in this case makes clear that the counseling has been totally ineffective despite the best efforts of [Prolman's psychologist]."  We disagree that Prolman complied, technically or otherwise, with the boundary counseling condition.  The single justice found that Prolman had complied with the July 2019 suspension order because "[h]e attended approximately 25 sessions with [his] psychologist and mental health counselor . . . with sessions specifically focused on boundary issues."  However, in a letter to Justice Alexander, the single justice who imposed the requirement,

the psychologist made clear that Prolman's counseling occurred *before* the

requirement was imposed:

> Mr. Prolman has provided me with copies of the July 8, 2019[,] sanctions order and asked if there was additional work he should do in therapy to address the concerns about boundary issues as found [in] the order. I informed him this was the work we had done in 2017 and 2018 and at this time the work we had previously done had addressed exactly those concerns. There did not appear to be additional work in this area that would be beneficial at this time.[5]

[¶13] The single justice who imposed the counseling requirement as part

of the conditions of the 2019 reinstatement order was aware of Prolman's prior

counseling, finding that "since the Law Court's opinion[] [in *Prolman I*],

Prolman has engaged, on his own initiative, in monthly counseling to aid his

perception of boundary issues and how to stay within proper boundaries in

dealings with clients and others in the community," and noting "his

---

[5] The psychologist acknowledged at the reinstatement hearing, however, that Prolman had not told her anything about his relationship with a female former client, "LL," a relationship that the single justice found evidenced "extremely poor judgment." The psychologist acknowledged that she would have expected Prolman to tell her about LL and that it was "concerning" that he did not. She was also unaware that another female former client, "CC," had lived at Prolman's residence from June to December 2019, a time period covered by the psychologist's letter to Justice Alexander. The psychologist said that that information "would be an important place to start to ask a lot of questions" and that Prolman should have told her about CC. She testified that had she known, she would have wanted to talk to Prolman about the situation and "explore it more fully" before writing the letter to Justice Alexander. The psychologist recommended that "if the Court decided that further counseling was important and necessary, . . . making sure the therapist had all the information about these other areas would be important. And if there is a monitor of some sort . . . involved, having that monitor provide information to the therapist . . . would also be helpful."

The single justice found that "[Prolman's psychologist], who had previously determined that [his] boundary work was successfully completed, has revised her opinion, and now recommends that [Prolman] engage in additional boundary counseling."

commitment to address, through counseling, an issue that led to this proceeding." Nevertheless, the single justice did not find that the completed counseling was sufficient, but rather imposed a new condition in the 2019 suspension order that Prolman "engage in counseling regarding boundary issues," anticipating continued counseling during the additional suspension imposed in response to *Prolman I.*

[¶14] The single justice made no finding in her reinstatement order that Prolman obtained additional boundary counseling following the July 2019 order, nor does the record indicate that Prolman asked the court to clarify or reconsider the ongoing counseling requirement when it was imposed or to later modify or abate the condition pursuant to M. Bar R. 30. For that reason, a conclusion that Prolman has not "fully complied with the terms and conditions of all prior disciplinary orders"—technically or otherwise—is inescapable. M. Bar R. 29(e)(1). Accordingly, we must vacate the judgment.

[¶15] Pursuant to Maine Bar Rule 29(g), a single justice may determine if "there is good and sufficient reason why the petitioner should nevertheless be reinstated" even when he fails to prove that he has complied with each of the Rule 29(e) criteria. Although we conclude that Prolman did not comply with the terms and conditions of the prior disciplinary order, on remand the single

justice may consider whether there is good and sufficient reason to reinstate Prolman despite his failure to comply with Rule 29(e)(1).

## B.    Rule 29(e)(4)

[¶16]   Under Maine Bar Rule 29(e)(4), Prolman was required to prove that he "recognize[d] the wrongfulness and seriousness of the misconduct for which [he] was suspended."

[¶17]   Despite finding that Prolman complied with the counseling condition, the single justice also found the counseling had done little good:

> While the court finds that [Prolman] technically complied with [the July 2019 order] in that he completed the required course of counseling regarding boundary issues, the record in this case makes clear that the counseling has been totally ineffective despite the best efforts of [his psychologist].

The single justice detailed the ways in which Prolman "continues to show extremely poor judgment in relation to recognizing potential boundary issues," and found that his "lack of insight about appropriate boundaries is such that he does not yet even appreciate when a situation could be perceived as problematic."  In stark terms, the single justice found that Prolman's "complete lack of awareness that the arrangement [with CC] could be perceived by others as inappropriate is staggering."  *See supra* n.5.

[¶18]  In *Bailey*, when discussing the forerunner of Rule 29(e)(4),[6] we said:

> The underlying purpose of [the Rule's] requirement that [an attorney seeking reinstatement] "recognizes the wrongfulness and seriousness of the misconduct" is to ensure that the applicant's readmission will not be detrimental to the integrity and standing of the Bar, the administration of justice, or to the public interest. Because the purpose of the Rule centers on the protection of the public, its standard is directed at whether the disbarred applicant has been sufficiently rehabilitated to be trusted with the responsibilities of an attorney.  Consistent with [the Rule]'s purpose of protecting the public, we construe the term "recognize" to mean that the applicant must demonstrate that he or she (1) sincerely believes that the prior misconduct, as ultimately determined by the tribunal that imposed the discipline, was wrong and serious, and (2) is capable of identifying similar conduct as wrongful in the future if he or she were to engage in the active practice of law.

2014 ME 58, ¶ 19, 90 A.3d 1137 (citation and quotation marks omitted); *see Bd. of Overseers of the Bar v. Carey*, 2019 ME 136, ¶ 36, 215 A.3d 229 (stating that "the purpose of lawyer discipline is not punishment but protection of the public and the courts").

[¶19]  Here, when analyzing the Rule 29(e)(4) criterion, the single justice addressed only the first part of the analysis in finding that Prolman "recognizes the wrongfulness and seriousness of the conduct for which he was suspended."

---

[6] *See* former M. Bar R. 7.3(j)(5)(C) (Tower 2014).

The single justice referred to Prolman's recognition that his *past* actions were wrong but did not address the second question—whether Prolman "is capable of identifying similar conduct as wrongful in the future." *Bailey*, 2014 ME 58, ¶ 19, 90 A.3d 1137; *see Prolman I*, 2018 ME 128, ¶ 26, 193 A.3d 808 (requiring Prolman "to apply for readmission *upon demonstration of a thorough understanding of the ethical obligations of a Maine attorney*" (emphasis added)). Given the single justice's other findings concerning his "staggering" lack of insight, awareness, and judgment when a problematic situation arose, the single justice could have found that Prolman was not sufficiently rehabilitated had she undertaken the full analysis. The failure to address the second part of the *Bailey* analysis requires us to vacate the reinstatement order.

## C. Remand

[¶20] In summary, although the record fully supports the single justice's well-stated findings of fact, it does not support the conclusion derived from those findings that Prolman proved compliance with the July 2019 order by clear and convincing evidence. On remand, we leave for the single justice in the first instance the questions of whether pursuant to Rule 29(g) there is good and sufficient reason to reinstate Prolman despite his failure to comply with Rule 29(e)(1) and whether Prolman "is capable of identifying similar conduct

as wrongful in the future" as required by 29(e)(4).  *Bailey*, 2014 ME 58, ¶ 19, 90 A.3d 1157.

The entry is:

> Judgment reinstating Prolman to the practice of law vacated.  Remanded for further proceedings consistent with this opinion.

------

Julia A. Sheridan, Esq. (orally), Board of Overseers of the Bar, Augusta, for appellant Board of Overseers of the Bar

Mark V. Franco, Esq. (orally), and Sara P. Cressey, Esq., Drummond Woodsum, Portland, for appellee Gary M. Prolman

Supreme Judicial Court docket number Bar-14-12
FOR CLERK REFERENCE ONLY