MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2025 ME 67
Docket:         Cum-24-12
Submitted
  On Briefs:    November 25, 2024
Decided:        July 29, 2025

Panel:          STANFILL, C.J., and HORTON, LAWRENCE, and DOUGLAS, JJ.

VALERIANO DIVIACCHI

v.

BOARD OF OVERSEERS OF THE BAR

PER CURIAM

[¶1]  Valeriano Diviacchi appeals from a judgment of a single justice (*A. Murray, J.*) denying his petition for reinstatement to the bar.  We conclude that the single justice committed no error or abuse of discretion and therefore affirm the judgment.

## I.  BACKGROUND

### A.  Original Suspension in Massachusetts

[¶2]  Diviacchi, a Massachusetts attorney, was admitted to the practice of law in Maine in 1990.  *Bd. of Overseers of the Bar v. Diviacchi*, BAR-16-2, 1 (Jan. 20, 2017) (*Mead, J.*).  He initially registered in Maine as a nonresident attorney practicing law in Massachusetts.  *Id.*

2

[¶3] In 2015, a single justice of the Massachusetts Supreme Judicial Court entered a judgment suspending Diviacchi's right to practice law in Massachusetts for twenty-seven months. Adopting the findings of the Massachusetts Board of Bar Overseers, the single justice found that, in an attempt to collect from a former client a fee to which he was not entitled, Diviacchi filed actions against his client in municipal court and federal court based in part on false statements that Diviacchi made under oath.[1] The single justice found that Diviacchi offered no evidence to demonstrate that the statements were true and no evidence showing that he had conducted a

---

[1] In May 2012, Diviacchi began representing a client in a case in federal court filed against her by a lender. After the attorney-client relationship broke down, Diviacchi filed actions against his client in September 2012 in the Boston Municipal Court and in federal court. In the filings, Diviacchi swore under oath that his client had, in violation of the fee agreement, failed to pay him certain sums and that she had settled the lender case "without notice and completely behind [his] back." In April 2013, Diviacchi amended his pleadings and swore under oath that it was his client's "standard habit and business routine" to engage in "deceit" when dealing with attorneys. He alleged that over a period of ten years, his client had hired more than fifteen attorneys to represent her in various matters and that she would work the attorney "until she stop[ped] paying the bill," fire the attorney, dispute the bill, and file a board complaint against the attorney. The single justice found that the sworn statements that Diviacchi had made about his client were false.

In addition to finding that Diviacchi had violated the Massachusetts Rules of Professional Conduct by knowingly making false statements to two courts, *see* Mass. R. Prof. C. 3.3(a)(1), 8.4(c), the single justice found that Diviacchi had violated the rules by (i) failing to inform his client that he had modified the standard contingency fee agreement; (ii) failing to pursue his client's lawful objectives because doing so may have undermined his prospects for recovering attorney fees on a counterclaim that he asserted; (iii) failing to represent his client completely and diligently; (iv) refusing to meet with his client; (v) unilaterally limiting his representation of the client despite statements to the contrary during an appearance in court; and (vi) attempting to charge and collect an excessive fee for work that he did not perform and that he claimed occurred on dates after the attorney-client relationship had effectively ended, *see* Mass. R. Prof. C. 1.1, 1.2(a), 1.3, 1.5(a), 1.5(f).

reasonably diligent inquiry prior to making them. The court observed that Diviacchi "did not merely write down his falsehoods and then passively allow them to enter into the litigation" but rather "swore to them," "repeated them to two different courts," and "actively sought relief based on them."

**B.    Reciprocal Suspension in Maine**

[¶4] Following Diviacchi's suspension in Massachusetts, the Maine Board of Overseers of the Bar filed a petition for reciprocal discipline pursuant to Maine Bar Rule 26(c), seeking to suspend Diviacchi from the practice of law in Maine for twenty-seven months. *See* M. Bar R. 26(c) (allowing for the imposition of "substantially identical" disciplinary terms as those imposed by another jurisdiction).

[¶5] The matter was assigned to a single justice of the Maine Supreme Judicial Court (*Jabar, J.*), who issued an order dated February 3, 2016, pursuant to Maine Bar Rule 26(c) directing Diviacchi to inform the single justice in writing within thirty days of "any claim by him that imposition of a substantially identical order in Maine would be unwarranted and the reasons for that claim." After Diviacchi notified the single justice that he had appealed his Massachusetts suspension to the Massachusetts Supreme Judicial Court, the

4

Maine proceeding was put on hold pending resolution of the Massachusetts appeal.

[¶6] On November 2, 2016, the Massachusetts Supreme Judicial Court affirmed the judgment of the Massachusetts single justice, *In re Diviacchi*, 62 N.E.3d 38 (Mass. 2016), and also denied Diviacchi's petition for rehearing.

[¶7] With the original Massachusetts suspension final, on January 20, 2017, the single justice (*Mead, J.*) entered an order granting the Maine Board of Overseers's petition for reciprocal discipline, which, "[e]ffective immediately," suspended Diviacchi for twenty-seven months from the practice of law in Maine for violations of "those portions of Maine's Rules of Professional Conduct that are analogous to his violations of Rules 3.3(a)(1) and 8.4(c) of [the] Massachusetts Rules of Professional Conduct."[2] *Bd. of Overseers of the Bar v.*

---

[2] Diviacchi filed an "objection" to the reciprocal order of suspension, stating that, in February 2016, he had requested more than just a stay pending resolution of his Massachusetts appeal and had "invoked this Court's *Rule 26(e)* as a basis for not issuing reciprocal discipline," attaching "hundreds of pages of argument and facts." The single justice issued an order explaining that Diviacchi's February 2016 response focused on his contention that the order of suspension by the single justice in Massachusetts was "wrong" and that Diviacchi's sole request of the single justice was to stay any reciprocal discipline until the Massachusetts order was final following appeal. The order further provided:

> Rule 26(e) of the Maine Bar Rules places the burden on any party seeking discipline different from that of the foreign jurisdiction to demonstrate that imposition of the same discipline is not appropriate. Should there be any remaining uncertainty, this court's Order of January [20], 2017 is predicated upon a finding that Mr. Diviacchi has not met his burden to demonstrate, and the "record from which the [foreign] order is

*Diviacchi*, BAR-16-2, 2-3 (Jan. 20, 2017). Diviacchi did not appeal from the order of reciprocal discipline.

## C. Petitions for Reinstatement in Massachusetts

[¶8] In January 2018, Diviacchi filed a petition for reinstatement in Massachusetts. A hearing committee of the Massachusetts Board of Bar Overseers conducted a hearing and recommended that the petition be denied. The hearing committee found that Diviacchi, "in substantial part, does not acknowledge that the conduct that resulted in his suspension was in violation of the rules of professional conduct" and "had not met his burden of demonstrating both that he had the requisite 'learning in the law' and that his reinstatement would not be detrimental to the public interest and the administration of justice." The Board adopted the committee's recommendation, and a single justice of the Massachusetts Supreme Judicial

---

predicated" does not "clearly" show, that any of the four elements listed in M. Bar R. 26(e) exist.

To the extent that Mr. Diviacchi's filing is a proper objection, it is overruled, and to the extent it constitutes a motion to reconsider the Court's order, it is denied.

6

Court denied reinstatement. Diviacchi did not appeal from the single justice's order.

[¶9] A short time later, Diviacchi filed a second petition for reinstatement in Massachusetts. A hearing committee of the Massachusetts Board of Bar Overseers held another hearing and again recommended that reinstatement be denied. The hearing committee was "not persuaded that anything of consequence had changed for Diviacchi" and noted that "[h]e still maintains that he did not violate the rules that a hearing panel, the Board, and the Court found he had violated." The board adopted the committee's findings and recommendation.

[¶10] A Massachusetts single justice denied the second petition for reinstatement, concluding that the Board's findings were supported by substantial evidence. In denying the petition, the single justice noted that "admission to the factual predicates of [the] misconduct" was not required but that Diviacchi had not demonstrated any "reasonable understanding of the misconduct that led to his suspension." The single justice observed that Diviacchi did not generally dispute the facts underlying his discipline but rather challenged their legal significance. The single justice concluded that without such understanding "there can be no assurance that he would not now engage

in the conduct for which he was disciplined." The single justice also found that Diviacchi had failed to take continuing legal education (CLE) courses. Diviacchi appealed the denial of his second petition for reinstatement, and the Massachusetts Supreme Judicial Court affirmed the decision of the single justice. *In re Diviacchi*, 198 N.E.3d 458 (Mass. 2022).

## D. Petition for Reinstatement in Maine

[¶11] On March 31, 2023, Diviacchi filed a "motion for reinstatement" in this Court. Although Diviacchi's "motion" was deficient in several respects,[3] we accepted the filing as a petition for reinstatement pursuant to Maine Bar Rule 29(b) and assigned the matter to a single justice. Bar Counsel opposed Diviacchi's reinstatement and requested a hearing before the Grievance Commission of the Maine Board of Overseers of the Bar. *See* M. Bar R. 29(g).

---

[3] Diviacchi's motion was titled "Motion for Reinstatement Pursuant to Maine Bar Rules 26(e), 29(j), and 30 / in the Alternative, for a Hearing on Reinstatement / by Affirmation." The Court issued an order dated April 21, 2023, stating that none of the rules cited by Diviacchi in support of his request for reinstatement applied and further stating that because Diviacchi's "motion" sought reinstatement, it constituted a petition for reinstatement pursuant to Maine Bar Rule 29(b). Diviacchi's filing did not contain a copy of a completed reinstatement questionnaire, as is required by Maine Bar Rule 29(c), and although he affirmed that the facts recited in the filing were based upon "his own personal knowledge under the pains and penalties of perjury," the Court noted that an oath or affirmation must be administered by a person who is authorized to administer oaths or affirmations and that a mere claim that the statements were made under oath is not sufficient. *See Paradis v. Webber Hosp.*, 409 A.2d 672, 675 (Me. 1979). Despite the filing's deficiencies, we accepted it as a petition for reinstatement but required that Diviacchi take certain corrective action.

[¶12]   After a hearing, the Grievance Commission filed a report recommending against Diviacchi's reinstatement.  Diviacchi timely objected on the grounds that the Grievance Commission "unreasonably ignore[d]" evidence, merely "rubber-stamp[ed]" the Massachusetts decisions, "ignore[d] the legal and moral dilemmas presented by contradictory Maine reinstatement law dealing with beliefs of innocence," and failed to consider his "detailed explanations accepting responsibility."

[¶13]  On December 21, 2023, the single justice (*A. Murray, J.*) entered a judgment denying Diviacchi's petition for reinstatement, concluding that he had failed to prove, by clear and convincing evidence, that he had satisfied three of the criteria set out in Maine Bar Rule 29(e).  Specifically, the single justice found that Diviacchi had failed to (1) demonstrate that he recognized the wrongfulness and seriousness of the misconduct for which he was suspended, (2) show the requisite honesty and integrity to practice law, and (3) meet applicable CLE requirements.  The single justice set the period that must pass before Diviacchi may seek reinstatement at twenty-seven months.  *See* M. Bar R. 29(h).

[¶14]  Diviacchi timely appealed.

## II.  DISCUSSION

[¶15]  Rule 29(e) sets out eight criteria for reinstatement to the practice of law following a disciplinary suspension lasting longer than six months. M. Bar R. 29(e).  Three are relevant here:

> **(e)  Criteria for Reinstatement.**  A petitioner may be reinstated only if the petitioner meets each of the following criteria:
>
> . . . .
>
> (4) the petitioner recognizes the wrongfulness and seriousness of the misconduct for which the petitioner was suspended or disbarred;
>
> . . . .
>
> (6) notwithstanding the conduct for which the petitioner was disciplined, the petitioner has the requisite honesty and integrity to practice law; [and]
>
> (7) the petitioner has met the CLE requirements of Rule 5 for each year the attorney has been suspended or disbarred, but need not complete more than 24 hours of approved credit hours for that entire period of absence from practice, provided that (i) no more than one half of the credit hours are earned through self study; (ii) at least two credit hours are primarily concerned with the issues of ethics or professionalism; and (iii) at least two credit hours are primarily concerned with issues of recognition and avoidance of harassment and discriminatory communication or conduct related to the practice of law.

*Id.*  A petitioner has the burden of proving by clear and convincing evidence at a de novo hearing before a single justice that he has met each of the criteria.

*See In re Prolman*, 2022 ME 25, ¶ 8, 273 A.3d 352; M. Bar R. 29(a), (e). As noted, the single justice found that Diviacchi failed to carry his burden.[4]

[¶16] Diviacchi contends that the single justice erred or abused her discretion in denying his petition for reinstatement under Rule 29(e).[5] He further contends that the single justice abused her discretion by setting the period after which he may reapply for reinstatement at twenty-seven months.[6]

---

[4] Indeed, the single justice went further and found that Diviacchi had not established even by a preponderance of the evidence that he "recognizes the wrongfulness and seriousness of the misconduct for which he was suspended" or "has the requisite honesty and integrity to practice law in Maine." *See* M. Bar R. 29(e)(4), (6).

[5] Preliminarily, to the extent Diviacchi maintains that his petition for reinstatement should be reviewed under Maine Bar Rule 26 rather than Maine Bar Rule 29, we reject the argument. Rule 26 authorizes the *imposition* of reciprocal discipline upon a lawyer admitted to practice in Maine when that lawyer is disciplined in another jurisdiction. It does not address the process for *reinstatement* of a lawyer so disciplined. Rather, Rules 28 and 29 govern the process for reinstatement after suspension. Here, Rule 29 applies because Diviacchi's suspension was for a term exceeding six months. *See* M. Bar R. 29(a), (e)(1) ("A lawyer suspended for more than six months . . . may be reinstated only upon order of the Court . . . [and] only if the petitioner . . . has fully complied with the terms and conditions of all prior disciplinary orders issued in Maine or in any other jurisdiction . . . .").

[6] We reject Diviacchi's contention that the denial of his petition for reinstatement violated his rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution. Specifically, he argues that the single justice "repeat[ed] the Massachusetts constitutional errors including using a different standard of clear and convincing evidence for reinstatement even though a preponderance standard is used for suspension." He also contends that subjecting petitions for reinstatement to different standards depending on the length of suspension violates equal protection. *Compare* M. Bar R. 28 (applying to suspensions of six months or less), *with* M. Bar R. 29 (applying to suspensions of more than six months). These arguments are devoid of any merit. First, as a general matter, in the context of bar disciplinary proceedings we have reiterated that due process is satisfied when "notice of the proceedings and an opportunity to be heard, including the right to confront and cross-examine witnesses," is afforded. *In re Jonas*, 2017 ME 115, ¶ 35, 164 A.3d 120 (quoting *In re Williams*, 2010 ME 121, ¶ 5, 8 A.3d 666); *Licari v. Ferruzzi*, 22 F.3d 344, 348 (1st Cir. 1994) ("[I]t is enough to satisfy the Due Process Clause that the opportunity for . . . a response existed."). Diviacchi was given each of these opportunities. He had notice of the proceeding; submitted documents, including affidavits and a reinstatement questionnaire; and offered testimony both on his own behalf and from character witnesses. Second, with respect to his challenge to the differential treatment given to reinstatement requests under Rule 28 and Rule 29,

[¶17] When reviewing findings of fact that a party is required to prove by clear and convincing evidence, we determine "whether the factfinder could reasonably have been persuaded that the required factual finding was or was not proved to be highly probable." *Bailey v. Bd. of Bar Exam'rs*, 2014 ME 58, ¶ 17, 90 A.3d 1137 (quotation marks omitted). We review the single justice's factual findings for clear error and the ultimate decision for an abuse of

---

Diviacchi concedes that "[t]he difference in treatment does not involve a suspect class nor a fundamental right but does involve a recognized right" and that a rational basis test therefore applies. It borders on frivolous—especially as applied here—to suggest there is no rational basis for distinguishing between shorter suspensions (of six month or less) under Rule 28 for relatively minor infractions and longer suspensions (more than six months) under Rule 29 for serious misconduct. The former requires a petitioner seeking reinstatement to submit "an affidavit stating that [the petitioner] has fully complied with the requirements of the suspension order and has paid any required fees and costs." M. Bar R. 28. The latter requires submission of a petition that "specif[ies] with particularity" compliance with the eight criteria in Rule 29(e) and, if Bar Counsel objects to the petition and requests a hearing, to demonstrate such compliance by clear and convincing evidence at a hearing. M. Bar R. 29(a)-(b), (e)-(g). Given our responsibility for "ensur[ing] that [an] applicant's readmission will not be detrimental to the integrity and standing of the Bar, the administration of justice, or to the public interest," *In re Prolman*, 2022 ME 25, ¶ 18, 273 A.3d 352 (quotation marks omitted), those who have been suspended for more than six months due to serious violations ought to undergo a more rigorous process of review before being admitted back into the Bar. *Cf. Bailey v. Bd. of Bar Exam'rs,* 2014 ME 58, ¶¶ 19, 55, 90 A.3d 1137. Here, Diviacchi's suspension was for a period of twenty-seven months—a substantial period of time fully warranted by the seriousness of the underlying misconduct. For the same reason, the elevated burden of proof applicable in Rule 29(e) proceedings does not amount to an abridgement of Diviacchi's constitutional rights. The "higher than ordinary degree of certitude" resulting from the application of a clear-and-convincing standard of proof is important, again, precisely because "we are required specifically to determine that [the requested] reinstatement will not be detrimental to the public interest." *Id.* ¶ 55 (quotation marks omitted). Consistent with Rule 29's purpose of protecting the public interest, a petitioner in Diviacchi's position *should* be required to demonstrate clearly and convincingly, among other things, a sincere belief that "the prior misconduct, as ultimately determined by the tribunal that imposed the discipline, was wrong and serious" and the capacity to "identify[ ] similar conduct as wrongful in the future." *Id.* ¶ 19. Moreover, as noted above, Diviacchi's claim that he was unfairly prejudiced by the application of an elevated burden of proof is undercut by the fact that the single justice, after considering the evidence presented at his hearing, found that he had not "even established by a preponderance of the evidence" that he satisfied the applicable criteria in Rule 29(e).

discretion. *Id.*; *In re Prolman*, 2022 ME 25, ¶ 9, 273 A.3d 352. As the unsuccessful party with the burden of proof before the single justice, Diviacchi can prevail on appeal only if he can establish that the single justice was compelled to find in his favor. *In re Williams*, 2010 ME 121, ¶ 10, 8 A.3d 666. Although we review the single justice's decision as an appellate body, *In re Prolman*, 2022 ME 25, ¶ 9, 273 A.3d 352, we also retain "ultimate authority to regulate attorneys and the practice of law in Maine," *In re Jonas*, 2017 ME 115, ¶ 30, 164 A.3d 120; *see also In re Prolman*, 2022 ME 25, ¶ 9, 273 A.3d 352.

## A.    Rule 29(e)(4)

[¶18]   Maine Bar Rule 29(e)(4) requires that a petitioner seeking reinstatement recognize "the wrongfulness and seriousness of the misconduct for which the petitioner was suspended." This rule ensures that a petitioner's readmission to the bar will not be detrimental to the Bar or to the administration of justice. *Bailey*, 2024 ME 58, ¶ 19, 90 A.3d 1137.

[¶19]   To satisfy Rule 29(e)(4), Diviacchi had to demonstrate that he "(1) sincerely believes that the prior misconduct, as ultimately determined by the tribunal that imposed the discipline, was wrong and serious, and (2) is capable of identifying similar conduct as wrongful in the future if he or she were to engage in the active practice of law." *Id*. Rule 29(e)(4) does not require that

Diviacchi "demonstrate his complete and unambiguous acceptance of all of the findings of wrongdoing." *Id.* ¶ 21.

> An applicant's good faith and reasoned dispute with *one or more of a tribunal's findings that formed the basis of his [suspension]* does not preclude the possibility that the applicant *sincerely* believes that the misconduct, as ultimately determined by the tribunal, was wrong and serious. An applicant could, in good faith, dispute one or more of a tribunal's findings while nonetheless demonstrating *respect for the process that was employed and acceptance of the tribunal's conclusions.*

*Id.* (emphasis added).

[¶20] Although a petitioner need not demonstrate *complete* acceptance of *all* the findings, a petitioner's continued questioning of the central findings and conclusions of the court may support a conclusion that it is highly probable that the petitioner does not recognize the wrongfulness or seriousness of his misconduct. *Id.* ¶¶ 55-57. Likewise, a petitioner's suggestion that the proceedings were illegitimate in some way may also support a determination that the petitioner does not recognize the wrongfulness and seriousness of the misconduct. *Id.* And a petitioner's attempt to minimize the wrongfulness and seriousness of the misconduct "casts doubt on whether the applicant believes the misconduct was wrong or serious." *Id.* ¶ 23; *see, e.g.*, *In re Williams*, 2010 ME 121, ¶ 10, 8 A.3d 666.

14

[¶21] Here, the single justice's findings that Diviacchi failed to recognize the wrongfulness and seriousness of the misconduct as found by the Massachusetts court, and that he therefore is not capable of identifying similar conduct in the future as wrongful, are supported by ample record evidence. A statement in his reinstatement questionnaire underscores these findings: "My suspension in Massachusetts that led to my reciprocal suspension in Maine was wrongful and founded upon false findings and conclusions. What was wrongfully done to me was immoral."

[¶22] At the same time, Diviacchi admitted that he made false statements but justified them by testifying that he had acquired some bad habits from being overworked—such as "shooting from the hip," "taking shortcuts," and "not paying attention." He also testified that making false statements to the court was a "stupid mistake" but that some of the statements that he made to the court about his client were untrue only because he drew a "bad inference" by not investigating his client's wrongdoing more thoroughly.

[¶23] The record is replete with examples of Diviacchi minimizing his actions; making excuses; and testifying that the false statements that he made were based on a "good faith mistake," the result of "bad wording," or made in the "heat of the argument." The single justice astutely noted, however, that

there is a "significant difference between recognizing the seriousness and wrongfulness of the misconduct *as found by the Massachusetts court* and offering testimony about *other misconduct* . . . [that] was not the thrust of the Court's findings."[7]  As the single justice found and the record supports, "[i]n significant measure, Mr. Diviacchi diverted his attention away from demonstrating that he recognized the wrongfulness and seriousness of the misconduct for which he was suspended."[8]

[¶24]  The record provides ample support for the single justice's findings that Diviacchi failed to recognize the wrongfulness and seriousness of his misconduct and that he would be unable to identify similar misconduct on another occasion.  Finding no error or abuse of discretion, we affirm the finding that Diviacchi failed to satisfy the requirements of Rule 29(e)(4).

---

[7]  Although the single justice did not expressly find that Diviacchi has questioned the integrity of the various decisionmakers who have been involved throughout the proceedings, Diviacchi's filings are replete with such aspersions.

[8]  The single justice found that Diviacchi "spent a lot of effort setting forth his disagreement with the Massachusetts Court's suspension findings and process instead of demonstrating that he recognizes the wrongfulness and seriousness of the misconduct for which he was suspended and that he is capable of identifying similar conduct as wrongful in the future if he were to engage in the active practice of law."  Diviacchi's own analogy set out in his brief underscores the point: "For substantive purposes, the denial of reinstatement here is morally equivalent to a jailor refusing to release a prisoner upon completion of a sentence because the prisoner continues to claim innocence of the crime."

16

## B.    Rule 29(e)(6)

[¶25]  Maine Bar Rule 29(e)(6) requires a showing that notwithstanding the misconduct that initiated the disciplinary proceedings, the petitioner has the "requisite honesty and integrity to practice law."  In finding that Diviacchi failed to meet this criterion, even by a preponderance of the evidence, the single justice focused on an assertion that Diviacchi made in his reinstatement questionnaire, in which he said: "If reinstated, it is not my present intention to practice law.  I will most likely change my status to inactive or retired. . . . I am pursuing reinstatement as a matter of principle."  This statement, *given under oath*, was inconsistent with the testimony of the character witnesses who stated that Diviacchi told them of his desire to return to the practice of law and with his own testimony in which he claimed that he would consider opening a limited practice.  Diviacchi sought to explain this inconsistency by testifying that he had changed his mind in the intervening time between submission of the questionnaire and his testimony.  The single justice was not persuaded by this justification and was especially troubled given the underlying misconduct that led to his suspension.

[¶26]    We are satisfied that the record before the single justice demonstrated an inconsistency between Diviacchi's sworn reinstatement

questionnaire and the testimony later provided by Diviacchi and the character witnesses. Based on this inconsistency, the single justice was well within her discretion and did not err in concluding that Diviacchi had not demonstrated the requisite "honesty and integrity" that is required to practice law. *See* M. Bar R. 29(e)(6).

## C.    Rule 29(e)(7)

[¶27]  Under Maine Bar Rule 29(e)(7), Diviacchi was required to prove that he had completed twenty-four hours of CLE and that

> (i) no more than one half of the credit hours are earned through self study; (ii) at least two credit hours are primarily concerned with the issues of ethics or professionalism; and (iii) at least two credit hours are primarily concerned with issues of recognition and avoidance of harassment and discriminatory communication or conduct related to the practice of law.

[¶28]  Diviacchi readily admitted that he did not complete any CLE hours because he did not want to "throw good money after bad" if his petition was just going to be denied. Moreover, he requested a waiver of the requirement because he had passed the California bar exam and the Multistate Professional Responsibility Examination, contending that this should render the CLE requirement as a condition of reinstatement unnecessary. Given that Diviacchi made no effort at all and failed to complete *any* CLE hours—including the mandatory hours related to ethics and professionalism—he indisputably failed

to comply with Rule 29(e)(7), and the single justice did not err in so concluding. Nor, in the circumstances, did she abuse her discretion in denying Diviacchi's request to "waive" the requirements of the rule.

**D.    Rule 29(h)**

[¶29]    Lastly, Diviacchi argues that the single justice abused her discretion by setting the period that must pass before he may seek reinstatement at twenty-seven months.  Maine Bar Rule 29(h) provides that when a court denies reinstatement, it "shall identify the period after which the petitioner may reapply for reinstatement.  Unless ordered otherwise by the Court, no petitioner may reapply for reinstatement within one year following an adverse judgment upon a petition for reinstatement."

[¶30]  Given that the minimum waiting period before reapplication is generally one year and that Diviacchi demonstrated little if any progress toward satisfying the criteria required for reinstatement in the ten years that have passed since he engaged in the misconduct, we conclude that the single justice did not abuse her discretion in setting the period after which Diviacchi may reapply at twenty-seven months.

The entry is:

Judgment affirmed.

Valeriano Diviacchi, appellant pro se

Julia A. Sheridan, Esq., Board of Overseers of the Bar, Augusta, for appellee Board of Overseers of the Bar

Maine Supreme Judicial Court docket number Bar-23-7
FOR CLERK REFERENCE ONLY